THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GERALD WARD and Others, Appellants.

County Court, Saratoga County, June 12, 1933.

*Rommel & Hickey,* for the appellants.

*John B. Smith, District Attorney,* for the respondent.

McKELVEY, J.   In this, as in several other cases arising out of the same transaction, the defendants appeal from a judgment of a Court of Special Sessions of the town of Greenfield, convicting them of a violation of section 43 of the Penal Law.

Viewed from a strictly financial standpoint, the cases are not important, as the fines paid were very small in amount, in fact in two of the causes there were suspended sentences, but the appellants have urged that if these convictions thus found against them be wholly without legal support or moral justification they should be annulled, because of the serious and lasting effect which such a record may have upon their status as citizens, and the embarrassments which come so often to those who must admit a criminal conviction, when interrogated upon the subject during the trial of causes or when answering the question as it is now so frequently presented, as one applies for legal permits or licenses of various kinds, or even for private position.   Almost daily we read the question, " Have you ever been convicted of crime? " and we all know the consequences of an answer in the affirmative.

For this reason, suggested by the appellants' attorneys in a brief which is commendable for its force and logic, the court is moved to consider these causes in the same serious manner as would be customary if the fines imposed were substantial or terms of imprisonment had followed.

The informations upon which these defendants were arraigned were, obviously, insufficient.   They charged the violation of section 43 of the Penal Law, reciting that the defendants did seriously disturb the public peace and outrage public decency " by being present and in person in a building with a number of persons, which place, known as Carp Manor Dance Hall, was operated illegally and where intoxicating beverages were sold, and known as a public nuisance; " but it requires no argument to demonstrate that it is not a crime for one to be present in a building where the public peace is disturbed or public decency outraged, or intoxicating beverages are sold, unless he be the owner or proprietor or take some part in the disturbance or in the unlawful sale of the liquors.

The man who runs the place commits a crime and all who assist him in the sale of his liquors or in the unlawful operations which he conducts are guilty of crime; but he who does nothing more than attend the place on one occasion, whether he does or does not know of the unlawful operations, commits no crime, in so far as my limited study of such matters has disclosed.

For the reason, then, that this information did not state facts sufficient to constitute a crime the court was without jurisdiction to try or convict these defendants, or any of them, and all proceedings based thereon are null and void. (*People* v. *Zambounis*, 251 N. Y. 94. Their arrest was, in my opinion, illegal, no matter how commendable, in other respects, may have been the vigilance and courage with which the peace officers were seeking to suppress what they believed and found to be a public nuisance. I assume the proprietor was arrested and punished but, if so, the record of that case is not before me, as he has filed no appeal.

This result is not affected by the fact that the appellants each entered a plea of guilty. Present in the hall, placed under arrest by members of the State constabulary, who are presumed to have some knowledge of criminal procedure, it is very easy to believe that they entered these pleas of guilty and paid these fines entirely upon the assumption that the officers were right in their construction of the law. That they acted under such mistaken impression should not deprive them of the right to later appeal to the court, when advised by their attorney that the entire procedure was contrary to the laws of the State. It should be noted that in at least one of the cases a woman who had attended the dance with her husband was treated the same as the men. Both were arrested and fined.

Although we are commanded by the statute to disregard all matters of a technical nature and to render judgment on such appeals according to the substantial merit of the cause, these convictions, each based upon information which was insufficient to confer jurisdiction upon the court below because it charged no crime whatsoever, may not be sustained without violence to the laws of our State.

For these reasons the judgment of conviction in the above-entitled case and in all others of the group in which appeals were taken must be reversed and the fines paid remitted.