THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN SHARPE, Appellant.

County Court, Wayne County, January 14, 1955.

*C. Burton Newman* for appellant.

*Joseph A. Haney, District Attorney (Roger L. Davis* or counsel), for respondent.

TABOR, J. The appellant, John Sharpe, appeals from a judgment of conviction of the crime of disorderly conduct in violation of section 720 of the Penal Law, upon his plea of guilty before Hon. CARL L. KATZ, Police Justice of the Village of Wolcott, on November 8, 1954, upon which he was fined $25, sentenced to six months in the Onondaga County Penitentiary, and this part of the sentence was suspended and he was placed on probation for one year.

The complainant, one Bernadette Gardner, a young lady sixteen years of age, residing at Wolcott, by a sworn information charged the appellant had committed this crime in that he did '' by his conduct and behavior annoy and interfere with me in a public place by attempting to talk to me and follow me on my way home from the movies. This conduct and behavior caused me to be upset to such an extent that I made immediate outcry to my parents regarding this.''

The appellant by his plea of guilty has not barred himself from appealing and raising for the first time on appeal the insufficiency of the information to confer jurisdiction on the Justice to render judgment against him (*People* v. *Lindner,* 133 Misc. 728; *People* v. *Lorch,* 171 Misc. 469).

Since the appellant pleaded guilty to the charge and he raises no question about the Police Justice fully informing him of the charge and his rights, he must be deemed to have admitted the facts set forth in the information and sworn to by the complainant.

If, as appellant claims, he pleaded guilty to facts set forth in the information that constituted no crime, the court had no jurisdiction to convict him. The requirement that an information must state the crime with which a defendant is charged and the particular acts constituting that crime is a fundamental principle of justice, as well as a rule of law, and the information may not be pieced out by affidavits or depositions (*People* v. *Zambounis,* 251 N. Y. 94). The purpose of an information is to inform the defendant of the charge brought against him and the act or acts constituting the alleged crime, to enable him to prepare for trial, and to prevent him from again being tried for the same crime or offense (*People* v. *Grogan,* 260 N. Y. 138, 142; *People* v. *Schultz,* 301 N. Y. 495; *People* v. *Zambounis, supra*).

Section 720 of the Penal Law of this State states that "Any person who shall by any offensive or disorderly act or language, annoy or interfere with any person in any place" shall be guilty of the misdemeanor of disorderly conduct. This section covers or deals with acts or language offensive or disorderly of one person which annoy or interfere with some one other person (*People* v. *Weiler*, 89 App. Div. 611, revd. 179 N. Y. 46; *People* v. *St. Clair*, 90 App. Div. 239, revd. 179 N. Y. 578).

The information in this case alleges that the crime was committed by defendant on a definite date and on Lake Avenue in the village of Wolcott, which it is conceded is a public place, but it sets forth no facts as to defendant's conduct and behavior "by attempting to talk to me and follow me" which annoyed or interfered with complainant, rather it sets forth merely a conclusion of complainant. Assuming the conduct and behavior of defendant caused complainant to be upset, since no acts of conduct or behavior of defendant are set forth in the information, the conduct and behavior of defendant may have been such that a reasonable person would not have been annoyed or disturbed. The Court of Appeals in a decision handed down on December 2, 1954 (*People* v. *Harvey*, 307 N. Y. 588, 592), concerning this section of our Penal Law stated: "We do not think that the statute gauges criminality by the impressions made on an annoyed or disgruntled citizen. Common sense (and decisions like *People* v. *St. Clair* and *People* v. *Weiler, supra*) dictate that language or conduct is to be adjudged to be disorderly, not merely because it offends some supersensitive or hypercritical individual, but because it is, by its nature, of a sort that is a substantial interference with (our old friend) the reasonable man. As Chief Judge BARTLETT pointed out in *People* v. *Tylkoff* (212 N. Y. 197, 200), annoying language (and, presumably, annoying conduct) must, to be a violation of section 720, amount to a nuisance."

It is possible that the conduct of this appellant on this occasion was much more serious than the information indicates, but if so, the appellant has not been confronted with a specific accusation.

The information to which appellant pleaded guilty was insufficient, and the conviction is reversed, the information dismissed and the fine remitted.

Submit order in accordance with this decision.