**UNITED STATES of America ex rel. Fred HUNTER, Petitioner-Appellant,**

v.

**Joseph D. BIBB, Director, etc., Respondent-Appellee.**

**No. 12012.**

United States Court of Appeals Seventh Circuit.

Dec. 10, 1957.

———◆———

James R. Sweeney, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., Theodore G. Maheras, Asst. Atty. Gen., William C. Wines, Asst. Atty. Gen., of counsel, for appellee.

Before FINNEGAN, HASTINGS and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

Hunter's petition for a writ of habeas corpus was dismissed by the district court because: (1) he had not exhausted his state court remedies and, (2) of the pendency of Illinois post-conviction proceedings. Ill.Rev.Stat.1957, chap. 38, par. 826 et seq. When he appealed to this court respondent, relying on the absence of a certificate of probable cause, moved for dismissal and we took that motion with the case. See 28 U.S.C. § 2253; Joyner v. Parkinson, 7 Cir., 1955, 227 F.2d 505. Subsequently we appointed counsel for Hunter who contends that the allegations in the petition prepared by Hunter exhibit cruel and inhuman treatment of this prisoner and for that reason, along with the claim of damages, should now be the basis for relief under the Civil Rights Act, 42 U.S.C.A. § 1983. But even with extreme tolerance allowed prisoners who are laymen, we cannot permit Hunter's basic petition filed below and on which the district court acted, to be converted into something other than a petition for a writ of habeas corpus. Indeed court appointed counsel vigorously opposes any view that would make the underlying papers such a petition. Actually there are two major points in Hunter's papers: (1) the claim of brutal treatment in the Illinois State Penitentiary and (2) an assertion of deprivation of his constitutional right to counsel based on a claim that the person allegedly representing him, when he was convicted of murder in the Criminal Court of Cook County, one E. A. Simmons, was not a licensed attorney, but an imposter.

▆▆▆ Point 1, just stated, closely resembles United States ex rel. Atterbury v. Regan, 7 Cir., 1956, 237 F.2d 953 and, would be determinative, if we countenanced conversion of the initial papers to something other than a petition for the writ. Even if the second point were properly before us under a certificate of probable cause it would be premature owing to the pendency of the Illinois post conviction proceedings.

While we had this case under advisement, Hunter filed an "Original Petition

For A Writ of Habeas Corpus" *pro se* with the clerk of our court. Apparently his court appointed counsel, after having briefed us in the appeal, was unaware of this later development. But we are faced with the apparent pendency of Illinois proceedings—at least court appointed counsel indicated their existence to us in his brief. There are, to be sure, matters mentioned in the recently filed petition referring to the treatment of Hunter by prison officials after he appealed to this court, but we are unsatisfied that there is enough shown by the petition to bring this case within any of the alternatives provided for in 28 U.S.C. § 2254. United States ex rel. Gawron v. Ragen, 7 Cir., 1954, 211 F.2d 902.

The judgment brought from the district court for review is affirmed and the "Original Petition For A Writ of Habeas Corpus" received by the Clerk of our Court on October 23, 1957, is ordered to be docketed and is now denied.