**Ben A. JOHNSON, Appellant,**

v.

**Victor G. WALKER, Warden, Louisiana State Penitentiary, Angola, Louisiana and the State of Louisiana, Appellees.**

**No. 19616.**

United States Court of Appeals
Fifth Circuit.

May 17, 1963.

J. Minos Simon, Lafayette, La., for appellant.

Scallan E. Walsh, Teddy W. Airhart, Jr., Thomas W. McFerrin, Sr., Asst. Attys. Gen., Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., for appellees.

Before TUTTLE, Chief Judge, GEWIN, Circuit Judge, and AINSWORTH, District Judge.

AINSWORTH, District Judge.

This is an appeal from the District Court's denial of an application for a writ of habeas corpus. We affirm.

On October 23, 1954, a State Court jury found the appellant, Ben A. Johnson, guilty of possessing marijuana in violation of Title 40, Section 962, et seq., LSA–Revised Statutes of Louisiana. Johnson was sentenced to 10 years at hard labor in the Louisiana State Penitentiary. The Louisiana Supreme Court set aside the conviction and sentence, and the case was remanded for a new trial, State v. Johnson, 228 La. 317, 82 So.2d 24 (1955). On rehearing the prior decision was reversed by the State Supreme Court and the conviction and sentence were affirmed. State v. Johnson, 228 La. 317, 82 So.2d 24, 27 (1955).

In the habeas corpus proceedings in the Federal District Court, from which this appeal arises, five grounds for the petition were presented:

(1) The State "framed" the defendant by having knowingly used "planted" evidence.

(2) The bill of information on which the defendant was tried was defective.

(3) The appellate procedures of the Louisiana State Court did not afford the defendant a full consideration of his contentions.

(4) No evidence upon which a conviction could be based was offered at the trial.

(5) The evidence used against the defendant was obtained by an illegal search and seizure.

The grounds numbered 1 through 4 above were decided adversely to the petitioner on the merits by the Federal District Court below on the basis that no deprivation of constitutional rights had been shown. Through an abundance of caution the District Court denied the State's motion to dismiss the application for writ of habeas corpus for failure of petitioner to exhaust State Court remedies " * * * in order to feel satisfied that petitioner has been given the full benefit of a complete review of his case by this Court * * *."[1] The recent Supreme Court decision of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, supports the District Court's cautious approach. Also, the Federal District Court in deciding this case on the merits met the requirements announced by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, in finding that the State trier of fact had resolved all the factual disputes after a full and fair hearing and that these findings were supported by the record as a whole. It would serve no useful purpose to restate the opinion of the District Court which gave a thorough and exhaustive analysis of all contentions raised by the petitioner.

The fifth ground (the illegal search and seizure allegation) had not been raised in any of the various State proceedings after the trial and it appears that State remedies are still available and have not been used.[2] However, the Federal District Court was careful to point out that " * * * [this] question was thoroughly explored before the jury, and it was found, as a matter of fact, that petitioner had consented to the search and seizure now complained of." Johnson v. Walker, E.D.La. B.R.Div., 1961, 199 F.Supp. 86, 97. The District Court correctly dismissed this claim on the jurisdictional ground of failure to exhaust State remedies. See United States v. Cormier, 5 Cir., 1960, 279 F.2d 37.

On appeal, Johnson raises the contention that his alleged unconstitutional detention by a State official is a violation of the Civil Rights Statutes, 28 U.S.C. § 1343(3), and 42 U.S.C. §§ 1981 and 1983, and therefore this court has jurisdiction without the necessity of exhausting State remedies.

The courts developed the requirement of exhausting State Court remedies as a prerequisite to a Federal habeas corpus writ.[3] Congress later codified this principle in 28 U.S.C. § 2254, " * * * [Habeas Corpus] shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *."[4]

Use of the Civil Rights Statutes to secure release of persons imprisoned by State Courts would thus have the effect of repealing 28 U.S.C. § 2254; of course,

1. Johnson v. Walker, E.D.La., B.R.Div., 1961, 199 F.Supp. 86, 93.

2. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, requires that State remedies must still be available at the time Federal habeas corpus is filed in order to justify a dismissal for failure to exhaust State remedies.

3. For the historical development of the court developed doctrine see Irvin v. Dowd, 359 U.S. 394, 404, 405, 79 S.Ct. 825, 3 L.Ed.2d 900; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv.L.Rev. 441 (1963).

4. For the Legislative History see H.R. Rep. No. 2646, 79th Cong., 2d Sess., p. A172; H.I. 3214, 80th Cong., 1st Sess.; H.R.Rep. No. 308, 80th Cong., 1st Sess., p. A180; S.Rep. No. 1559, 80th Cong., 2d Sess., pp. 9–10.

such was not the intent of Congress. Surprisingly enough, this argument has been advanced twice before, In re Ryan, E.D.Pa., 1942, 47 F.Supp. 1023, and United States v. Bibb, 7 Cir., 1957, 249 F.2d 839. In both cases the courts rejected this attempt to circumvent the requirement of exhausting State Court remedies. We agree.

For the foregoing reasons the judgment dismissing the petition for habeas corpus must be

Affirmed.