ANTHONY J. SAIA, JR. v. WARDEN OF CONNECTICUT STATE PRISON

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 140552

Memorandum filed December 17, 1964

*Anthony J. Saia, Jr.,* pro se.

*Harold M. Mulvey,* attorney general, and *William J. Clarke,* assistant attorney general, for the defendant.

PALMER, J. This is a petition for a writ of habeas corpus in which the petitioner alleges that his "imprisonment is legal" but that he is being discriminated against and denied "fair and equal protection of the laws." The petitioner was convicted of two counts of rioting or inciting a riot at a state penal

or correctional institution, in violation of General Statutes § 53-167a. He received an effective sentence of not less than six years nor more than seven years in the state prison, where he is now confined.

His sole complaint at this time is that in the latter part of July in 1964 he was "kicked with feet" and "beat with fists" because he protested against being placed in solitary confinement, which in prison parlance is called the "hole." He had previously instituted a habeas corpus petition proceeding in this court, complaining of similar physical abuse on three previous occasions. *Saia* v. *Warden,* Superior Ct., Hartford County, No. 133831 (relief denied by *Barber, J.).*

The problem here is the same as that before Judge Barber, namely, whether this court in a habeas corpus proceeding charging illegal detention is empowered to do other than to inquire whether the court rendering judgment had jurisdiction to do so. Our Supreme Court of Errors has decided it may not. *Wojculewicz* v. *Cummings,* 143 Conn. 624, 628. A claim of brutal treatment of a prisoner in a state penitentiary may not be considered in a habeas corpus proceeding. *United States* v. *Bibb,* 249 F.2d 839. However, as Judge Barber pointed out, a prisoner may maintain a civil action for damages against a jailer or warden for injuries proximately resulting from a breach of duty with respect to such prisoner. 72 C.J.S. 865, Prisons, § 13.

The management of the state prison by law is vested in the warden thereof, subject to the rules of the directors and their written orders. The warden is directed by law to "keep a record of any punishment inflicted upon a prisoner, showing its cause, mode and degree, and a like record of the conduct of each prisoner." General Statutes § 18-7. This court is without power in this habeas corpus proceeding

to inquire into the propriety or legality of any punishment that may have been imposed upon the petitioner.

The "Motion Requesting Counsel" is denied, and the petition for a writ of habeas corpus is dismissed.