Horace L. DUNCOMBE, Plaintiff,

v.

STATE OF NEW YORK, Louis Ratner, Sheriff of Sullivan County, New York, Robert Williams, District Attorney of Sullivan County, New York, Abraham Kleinman, Police Justice of Village of Liberty, New York, Defendants.

No. 67 Civ. 1085.

United States District Court
S. D. New York.

April 11, 1967.

**104**

Gerald Orseck, Liberty, N. Y., for plaintiff, Gerald Orseck, Liberty, N. Y., Jeremiah S. Gutman, New York City, of counsel.

Louis Lefkowitz, Atty. Gen. of New York, for defendant State of New York, Joel Lewittes, Robert S. Hammer, Asst. Attys. Gen., of counsel.

Robert Williams, Dist. Atty., of Sullivan County, pro se.

OPINION

BRYAN, District Judge:

In this action Horace Duncombe seeks a judgment declaring Section 1425 (16-d) of the New York Penal Law, Consol. Laws, c. 40, relating to desecration of the American Flag,[1] void on federal constitutional grounds and a temporary and permanent injunction restraining the respective defendants—the State of New York, the Sheriff and the District Attorney of Sullivan County and the Police Justice of the Village of Liberty—from enforcing that statute. He asks for the designation of a three-judge court under 28 U.S.C. §§ 2281 and 2284 to hear his application.

At the time this action was commenced Duncombe had been convicted of an alleged violation of § 1425 by the Police Justice of Liberty, had been sentenced to thirty days in the County Jail and had been fined or penalized $50. He had commenced serving his sentence when this suit was started on March 21, 1967. Two days later, however, he was released on bail pending appeal in the state courts.

The action is alleged to arise under the First, Fifth, Ninth and Fourteenth Amendments to the Constitution, 28 U.S. C. § 1343(3) and the Civil Rights Act. 42 U.S.C. § 1983. Duncombe has moved before me in the motion part of the District Court for the designation of a three-judge court pursuant to 28 U.S.C. § 2284, and for preliminary injunctive relief.[2]

---

[1]. This subsection must be read in conjunction with subsection (16–f) in order to make sense. The two subsections provide in substance:

"16. Any person, who

\* \* \* \* \*

d. Shall publicly mutilate, deface, defile, or defy, trample upon, or cast contempt upon either by words or act, or

\* \* \* \* \*

f. Shall publicly carry or display any emblem, placard or flag which casts contempt, either by word or act, upon the flag of the United States of America,

\* \* \*

Shall be deemed guilty of a misdemeanor; and shall also forfeit a penalty of fifty dollars for each such offense, to be recovered with costs in a civil action, or suit, in any court having jurisdiction \* \* \*."

In this action Plaintiff Duncombe challenges only the constitutionality of subsection (16–d).

[2]. When the proposed order to show cause bringing on this application was presented to me for signature it contained temporary restraining provisions directing the release of plaintiff on bail pending the determination of the action. After a hearing before me at which all parties were heard I denied such relief on the ground that plaintiff had failed to take advantage of available state remedies to secure his release on bail, and I pointed out the remedies of that nature which were available to him.

The facts on which this application is based, as contained in the papers submitted in support of the application, are not denied and are as follows: Duncombe, a Negro, an honorably discharged veteran and a resident of the State of New York, has been recently employed by the Tony Kastner Ski School in the Village of Liberty, Sullivan County. On March 7 of this year, accompanied by friends, he lunched at Corey's Restaurant in Liberty. According to Duncombe, during the course of the meal the conversation turned to Vietnam and patriotism in general; when discussion became heated he went outside to his automobile and "in an attempt to display [his] patriotism" [3] brought back an American flag which he had purchased in Mexico. The flag had been made into a poncho or serape with a slit in the center so that the wearer could drape the material over his shoulders. Duncombe put on the garment and reentered the restaurant; the meal and the conversation continued. There was no disturbance and no one took exception to his attire.

On March 15, defendant Kleinman, the Police Justice of Liberty, issued a warrant for plaintiff's arrest on an information charging him with the crime of "causing [sic] contempt by act upon the flag of the United States of America"[4] in violation of § 1425. The warrant was based upon the affidavits of three local citizens who merely stated in substance that they had seen Duncombe in Corey's Restaurant on March 7 while he was wearing a garment fashioned out of the American flag.

Duncombe was arrested the same day, and brought before Police Justice Kleinman where, in the presence of the complainants and the police officers, he was persuaded to plead guilty to the information. He was immediately sentenced to sixty days in the County Jail, or alternatively, to thirty days and a fine or penalty of $50.[5] Plaintiff paid his fine and was incarcerated within the hour.

On March 17 Duncombe, having by then retained counsel, by order to show cause before Police Justice Kleinman sought a writ of coram nobis vacating his conviction and sentence on the ground, among others, that his plea was obtained in violation of state and federal constitutional rights. The Police Justice summarily denied the application in all respects. Though he had not filed any notice of appeal, plaintiff's counsel then made an informal bail application which was denied by the Police Justice on the ground that no appeal had been taken; an application for bail was immediately made to Supreme Court Justice Kane who denied the requested relief for the same reasons.

The scene then shifted to this court where plaintiff's attorneys commenced

---

3. Statement in Duncombe's Petition to Police Justice Kleinman for a Writ of Error Coram Nobis, dated March 17, 1967.

4. The information charged that "one Horace Duncombe Jr. * * * on the 7th day of March, 1967, at the Corey's Restaurant, in the Village of Liberty * * * did commit the crime of Malicious Mischief —Viol. Section 1425–Sub. 16D—Penal Law State of New York * * *—by wrongfully, unlawfully, wilfully, maliciously, and knowingly did publicly carry and display any emblem, placard or flag, which causes contempt either by word or act upon the flag of the United States of America, to wit: defendant did appear in Coreys Restaurant at the above mentioned time while in a public place with the flag of the United States of America over his head having a hole cut in the center and draped down over his shoulders like a poncho, thereby causing contempt by act upon the flag of the United States of America. This information is based upon information & belief the source of your deponents information & belief being the complaint, investigation thereof, and the attached depositions of SIDNEY SMITH, THOMAS HASBROUCK, & THOMAS MASTERSON, JR. made part hereto."
This information, despite its recitation of subsection (16–d), appears to have been grounded upon subsection (16–f). Plaintiff, however, has confined his constitutional attack to subsection (16–d) which is referred to in the information.

5. The assessment has been denominated a "fine" in plaintiff's affidavit. It is not clear, however, whether in actuality the $50 represented a fine or a civil penalty. See note 1 supra.

this action attacking the constitutionality of § 1425 (16-d). The complaint, no doubt drawn with an eye towards Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), describes generally the events leading to the incarceration of Duncombe, and alleges that he "was tricked and coerced into pleading guilty"; it is further alleged that the New York Statute is unconstitutional for a number of reasons and that it "chills and restricts free speech." Included also is an allegation that "defendant District Attorney of Sullivan County, Robert Williams, continues to prosecute the plaintiff herein under the aforesaid unconstitutional statute." The complaint contains general allegations of irreparable injury "unless defendants are restrained from enforcing the provisions of the State statute involved, that is to say, unless the defendants are restrained from continuing to confine plaintiff" because "plaintiff will be forced to serve his entire illegal sentence pending the determination of this action."

On March 23, following the suggestions made in my memorandum denying temporary relief, Duncombe's attorneys resorted to the available state remedies. As might have been anticipated, on proper application after a notice of appeal was filed, State Supreme Court Justice Cook granted bail in the amount of $500 "pending appeal from the order made by Police Justice Abraham Kleinman on March 17, 1967 denying defendant's petition for writ of coram nobis and the judgment of conviction of March 15, 1967." The present motion for designation of a three-judge court and for a preliminary injunction must be considered in light of this unusual background.

Duncombe takes the position that my power as the single judge to whom this application is initially addressed is confined to determining whether the complaint raises a substantial federal constitutional claim. If I find that it does, so the argument runs, I am required to certify to the Chief Judge of the Circuit that a three-judge court ought to be convened. The Attorney General does not seem to question this position but urges that the underlying constitutional issues raised here are insubstantial by reason of the decision in Halter v. State of Nebraska, 205 U.S. 34, 27 S.Ct. 419, 51 L.Ed. 696 (1907), which upheld state legislation not dissimilar to that under attack here.

If decision turned on the submission of the parties, I would not hesitate to put into motion the three-judge court machinery. I adhere to the view expressed in my memorandum of March 22—that the substantive constitutional issues are not insubstantial. This view can scarcely be altered by *Halter* which was decided several years before the protections of the First Amendment were held to be firmly applicable to the states through the Fourteenth Amendment.[6] Moreover, the argument that the statute is unconstitutional for vagueness— which is one of Duncombe's major contentions—was notably absent in the *Halter* case.

In my view, however, the parties have misconceived the function of the single district judge to whom an application to convene a three-judge court is initially presented. The multiplication of proceedings under 28 U.S.C. §§ 2281 and 2284, not a few occasioned by the decision in Dombrowski v. Pfister, supra, see Cameron v. Johnson, 381 U.S. 741, 742, 752–754, 85 S.Ct. 1751, 14 L.Ed.2d 715 (1965) (Black, J., dissenting), has highlighted the "important responsibility" placed upon the single district judge under the three-judge court statutory provisions. Utica Mutual Ins. Co. v. Vincent, 375 F.2d 129 (2d Cir. 1967) (Friendly, J.). The district judge to whom such application is initially made must determine not only whether the constitutional question raised is not insubstantial but also whether a basis is set forth for invoking the traditional

---

6. The issue was unsettled as late as Gitlow v. People of State of New York, 268 U.S. 652, 666, 45 S.Ct. 625, 69 L.Ed. 1138 (1923).

equity jurisdiction of the federal courts. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962) (per curiam); Note, The Three-Judge District Court: Scope and Procedure Under Section 2281, 77 Harv.L.Rev. 299, 309, 317 (1963); cf. Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 310–311, 58 S.Ct. 199, 82 L.Ed. 276 (1937); Utica Mutual Ins. Co. v. Vincent, 375 F.2d 129, & n. 7 (2d Cir. 1967) (dictum); Allegheny Airlines v. Fowler, 261 F.Supp. 508 (S.D.N.Y.1966). Thus a single district judge may dismiss for failure to show irreparable injury, Linehan v. Waterfront Comm. of New York Harbor, 116 F.Supp. 401 (S.D.N.Y.1953) (Weinfeld, J.), Priceman v. Dewey, 81 F.Supp. 557, 559 (S.D.N.Y.1949), or to pursue available adequate remedies under state law. Davis v. State of Maryland, 248 F.Supp. 951 (D.Md.1965); Rosso v. Puerto Rico, 226 F.Supp. 688 (D.P.R.1964). Dismissal may perhaps also be justified where abstention by the district court pending litigation in the state courts would facilitate resolution of difficult federal questions or obviate the necessity for deciding them. Note, supra, 77 Harv.L.Rev. at 309. But see Idlewild Bon Voyage Liquor Corp. v. Rohan, 289 F.2d 426, 429 (2d Cir. 1961).

Thus an initial issue for decision here is whether plaintiff has shown any threatened irreparable injury to federal rights to warrant invoking the equitable powers of the federal court.

Traditionally federal equity courts have been most reluctant to interfere with state criminal proceedings. Beal v. Missouri Pac. R. R., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577 (1941) (Stone, J.); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322 (1935); Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926); Davis & Farnum Mfg. Co. v. City of Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 47

L.Ed. 778 (1903). "The maxim that equity will not enjoin a criminal prosecution summarizes centuries of weighty experience in Anglo-American law." Stefanelli v. Minard, 342 U.S. 117, 120, 72 S.Ct. 118, 120, 96 L.Ed. 138 (1951) (Frankfurter, J.); see Pugach v. Sullivan, 180 F.Supp. 66 (S.D.N.Y.), aff'd sub nom. Pugach v. Dollinger, 2 Cir., 277 F.2d 739 (2d Cir. 1960) (en banc), aff'd per curiam, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678 (1961). This has been consistently true even though it was alleged that state prosecutions are threatened under a statute already declared unconstitutional. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).

Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), on which Duncombe chiefly relies, by no means heralded a wholesale repudiation of this established doctrine. *Dombrowski* authorized a limited expansion of federal injunctive relief against some types of abusive *imminent or threatened* state criminal proceedings. As Justice Black recently explained *Dombrowski* only authorized federal district court injunctions against the threatened enforcement of a state penal statute attacked on the grounds of vagueness "where it was also alleged that the statute was part of a plan 'to employ arrests, seizures, and threats of prosecution' under the statute in a way that would discourage the complainants and their supporters from asserting and attempting to vindicate their constitutional rights." Cameron v. Johnson, 381 U.S. 741, 748, 85 S.Ct. 1751, 1755, 14 L.Ed.2d 715 (1965) (Black, J., dissenting).

There are marked distinctions between *Dombrowski* and the case at bar. In the first place Duncombe is not threatened with *imminent* prosecutions planned to discourage the exercise of civil rights. He is not even seeking to enjoin or restrain a *pending* criminal proceeding.[7]

7. Such a maneuver would be foreclosed by the anti-injunction provisions of 28 U.S.C. § 2283, unless it were further established that a claim under the Civil Rights Act, 42 U.S.C. § 1983, is embraced by the "expressly authorized" exception to § 2283. Compare Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964) (en banc), and

Rather, the complaint concerns a *completed* criminal proceeding. The only consequential threatened irreparable injury alleged—that plaintiff will be forced to serve his entire sentence before meaningful relief is forthcoming—has already been relieved by the granting of bail pending appeal in the state courts. Cf. Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497 (1913). Thus, although the acts of which Duncombe complains have already taken place, he seeks an injunction against future acts which are not even threatened.

There is nothing here to suggest, either by allegation or proof, threats of abusive, systematic and continuing prosecutions by local officers. The lone averment that the District Attorney of Sullivan County "continues to prosecute the plaintiff herein" in context amounts only to a claim that he resisted efforts to obtain the bail, which has since been secured. Certainly the complaint contains no specifications of alleged official misconduct such as those which are recited in the District Court opinion in Dombrowski v. Pfister, 227 F.Supp. 556, 564–566 (E.D.La.1964). Duncombe does not allege that he intends to continue wearing his flag poncho, or that he faces other prosecutions based on the statute under attack for past or future conduct. In fact nothing adduced before me suggests that plaintiff is threatened with anything beyond the single prosecution —on which he has already been convicted and which he is now appealing—arising out of the isolated incident in Corey's Restaurant.[8]

Moreover, as in Douglas v. City of Jeannette, 319 U.S. 157, 165, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), the complaint here contains neither allegation nor intimation that the state prosecutors, and certainly not the New York State Courts, will fail to respect rights granted under the federal constitution. In short, even assuming that Duncombe's conviction would constitute a clear warning discouraging a narrow form of symbolic speech, compare United States v. Miller, 367 F.2d 72 (2d Cir. 1966), cert. den., 386 U.S. 911, 87 S.Ct. 855, 17 L.Ed.2d 787 (1967), there has been no showing that a "substantial loss or impairment of freedoms of expression will occur if [plaintiff awaits] the state court's disposition and ultimate review." 380 U.S. at 486, 85 S.Ct. at 1120. Duncombe has shown no irreparable injury here.

In the second place, state remedies are entirely adequate. Indeed it appears that Duncombe has broader avenues of relief available in the state courts than he could secure in this court. Despite his plea of guilty Duncombe may attack the sufficiency of the information on appeal. People v. Sharpe, 207 Misc. 39, 136 N.Y.S.2d 494 (Wayne County Ct. 1955); People v. Ward, 148 Misc. 94, 266 N.Y.S. 466 (Saratoga County Ct. 1933); N.Y.Code Crim.Proc. § 749. Thus he may question whether the recitation that he violated subsection (16–d) of § 1425 of the New York Penal Law can be reconciled with the actual charge which appears to be based upon subsection (16–f). There appear to be other imperfections in the quite confused information presenting questions of state law which may well be raised on appeal in the state courts. Possible jurisdictional defenses, preserved despite the plea of guilty, see, e. g., People v. Williams, 135 Misc. 564, 238 N.Y.S. 712 (Cayuga County Ct. 1930), would doubtless include any claims that the statute upon which the conviction is premised

---

Cameron v. Johnson, 262 F.Supp. 873 (S.D.Miss.1966), with id. at 881 (Rives, J., dissenting). See Stevens v. Frick, 372 F.2d 378, 381 (2d Cir. 1967).

**8.** Two other proceedings under § 1425 (16–d), a criminal prosecution and an action for civil penalties, are presently pending in the New York courts. Since this is not a class action, plaintiff Duncombe's rights are not directly affected by the pendency of these other cases. Any suggestion that these proceedings evidence a policy on the part of state officers of systematic and abusive enforcement of the statute is strenuously rejected by the New York Attorney General.

violates the federal constitution on its face or in its application. Beyond this, if Duncombe ultimately succeeds in withdrawing his guilty plea (which is at least a possibility) he may then urge that his conduct was not proscribed even by the broad terms of § 1425(16–d) and the information.

Thus it appears that the state remedies are entirely adequate, as Duncombe's experience has shown. In his only serious effort to obtain relief there Duncombe apparently had little difficulty in securing bail on appeal once he fulfilled the procedural requirements for such an application.

■■■ Finally, it should be noted that in substance this action presents all the elements of an application for a writ of habeas corpus. Duncombe alleges in effect that he is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.[9] However, a person in state custody cannot secure federal relief until he has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254; see, e. g., Hillegas v. Sams, 349 F.2d 859 (5th Cir. 1965), cert. den., 383 U.S. 928, 86 S.Ct. 927, 15 L.Ed.2d 847 (1966); Brown v. Rayfield, 320 F.2d 96 (5th Cir. 1963).

■■■ Treated as a habeas corpus application the present action could not succeed because Duncombe has patently failed to exhaust his state remedies. He should not be permitted to evade the exhaustion requirements of the habeas statute by casting his petition in the form of an action for injunctive relief to be heard by a three-judge court. See Davis v. Maryland, 248 F.Supp. 951 (D.Md.1965); cf. Johnson v. Walker, 317 F.2d 418 (5th Cir. 1963). See also Lane v. McDevitt, 255 F.Supp. 413 (E.D. Pa.1966); Gaito v. Strauss, 249 F.Supp. 923 (W.D.Pa.1966).[10]

■■■ I conclude that Duncombe has wholly failed to show (1) that he will suffer any irreparable injury by the denial of relief in this action, or (2) that available state remedies, still only in their early stages and not even remotely exhausted, are not fully adequate to protect his federal constitutional rights. Thus, he has shown no basis for the exercise of the equity powers of the federal court.

His motion for the designation of a three-judge court and his application for temporary and permanent injunctive relief is therefore in all respects denied. The complaint is dismissed for want of federal equity jurisdiction.

It is so ordered.

9. A person released on bail, such as Duncombe, is legally "in custody" for purposes of the habeas statute. E. g., Reis v. United States Marshal, 192 F.Supp. 79 (E.D.Pa.1961); cf. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). And there is no doubt that the substantive constitutionality of a state statute may be attacked on a petition for habeas corpus. See United States ex rel. Swanson v. Reincke, 344 F.2d 260 (2d Cir. 1965).

10. There is no indication here of "the existence of circumstances rendering [the State] process ineffective to protect the rights of the prisoner," 28 U.S.C. § 2254, so as to excuse failure to exhaust. Compare Tolg v. Grimes, 355 F.2d 92 (5th Cir.), cert. den., 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005 (1966); United States ex rel. Lusterino v. Dros, 260 F. Supp. 13, 17 (S.D.N.Y.1966) (Frankel, J.).