405 F.2d 1185
 Lorenzo PEINADO, Appellant,
v.
ADULT AUTHORITY OF the DEPARTMENT OF CORRECTIONS; State of California; John Doe, Chairman of the Adult Authority, and Walter E. Craven, Warden at Folsom State Prison, Appellees.
 No. 22843.
 United States Court of Appeals Ninth Circuit.
 January 15, 1969.
 Rehearing Denied February 5, 1969.
 
 Lorenzo Peinado, in pro. per.
 Thomas C. Lynch, Atty. Gen., Sacramento, Cal., for appellees.
 Before POPE, HAMLEY and KOELSCH, Circuit Judges.
 HAMLEY, Circuit Judge:
 
 
 1
 Lorenzo Peinado, a California state prisoner convicted in 1963 of violating state narcotics laws, tendered in the district court a complaint invoking the Civil Rights Act. Named as defendants were the California Adult Authority, "John Doe," Chairman of the Authority, and Walter E. Craven, Warden of Folsom State Prison. At the time of tendering his complaint, Peinado sought permission under 28 U.S.C. § 1915 (1964), to proceed in forma pauperis. The district court denied the motion, holding in effect that the action is frivolous within the meaning of 28 U.S.C. § 1915(d). This appeal followed.
 
 
 2
 In his complaint Peinado sought to state three claims. One was based on his allegations that in connection with a prison disciplinary proceeding on charges that he had pushed or shoved a prison officer, the discipline committee refused to call two witnesses who, Peinado alleged, would have substantiated his denial of the charge. The committee, plaintiff alleged, found him guilty on that charge and ordered him to serve ten days in isolated confinement and deprived him of "privileges" for thirty days.
 
 
 3
 The second claim was that he was denied parole because of the disciplinary charge, and that the Adult Authority disregarded his contention that the two witnesses he had desired to call would have established that he was not guilty of the charge. In this connection Peinado also alleged that, in two hearings before the Adult Authority, the chairman asked Peinado to admit his guilt, but he refused.
 
 
 4
 The third claim sought to be stated in the complaint is that section 11501 of the California Health and Safety Code, prescribing the sentence for a first narcotics law offender to be five years to life and specifying a minimum term of three years, is unconstitutionally vague.
 
 
 5
 The relief sought by Peinado was "permanent injunctive relief" and release from custody. He did not seek monetary damages.
 
 
 6
 The district court held that the action should be dismissed because the relief Peinado is actually seeking is release from custody and such relief cannot be obtained in a civil rights action. The district court further held that the complaint could not be treated as an application for a writ of habeas corpus because there was no allegation that Peinado had exhausted his state remedies, and for the additional reason that Peinado did not use the habeas corpus application form required by the local rules of the district court.
 
 
 7
 In his opening brief on appeal Peinado did not discuss the above-described grounds for denial relied upon by the district court. He did so, however, in his reply brief. He there argues, in effect, that apart from release from custody, he is seeking judicial assistance to compel the prison authorities to accord him the assertedly constitutional right to call witnesses in his own behalf at a prison disciplinary hearing, or at a hearing before the Adult Authority to determine his eligibility for parole.
 
 
 8
 We hold that the district court did not err in determining that release from penal custody is not an available remedy under the Civil Rights Act. See DeWitt v. Pail, 9 Cir., 366 F.2d 682, 686; Johnson v. Walker, 5 Cir., 317 F. 2d 418. The district court also correctly held that Peinado's complaint cannot be treated as an application for a writ of habeas corpus because there is no allegation that he had exhausted his state remedies (see 28 U.S.C. § 2254(b), as amended November 2, 1966, 80 Stat. 1105), and because Peinado failed to comply with Rule ND5 of the district court requiring that a specified form be used in applying for habeas relief. See Smart v. Heinze, 9 Cir., 347 F.2d 114, 116.
 
 
 9
 This brings us to Peinado's contention that, apart from release from custody, he seeks judicial assistance in obtaining the right to call witnesses in a prison disciplinary or Adult Authority parole eligibility proceeding.
 
 
 10
 It has recently been held that a person on probation is entitled to legal assistance in a proceeding to revoke the probation. Mempa v. Rhay, 389 U.S. 128, 137, 88 S.Ct. 254, 19 L.Ed.2d 336. However, we are not aware of any judicial authority for extending rights which have constitutional standing in a criminal or probation-revocation proceeding to prison disciplinary proceedings or proceedings involving eligibility for parole. In our opinion the Civil Rights Act may not be invoked to require that the right to call witnesses be extended to parole eligibility proceedings, at least in the absence of an allegation that an invidious discrimination, such as on the basis of race or religion, is being practiced. Peinado alleges no such discrimination.
 
 
 11
 Affirmed.
 
 POPE, Circuit Judge (concurring):
 
 12
 I concur in the judgment of affirmance in this case. I have an uneasy feeling as to whether, wholly apart from any Civil Rights Act, the plaintiff might be entitled to a hearing and to call witnesses just as a matter of due process. However, it is plain that the relief which he seeks by way of injunction cannot be granted in this case.