Billy Wayne KING, Petitioner,

v.

Dick B. ROUSE, Commonwealth Attorney, Bristol, Virginia, the Honorable M. M. Long, Judge, Wise County, Virginia, and Doris Ozella Brent, Respondents.

Civ. A. No. 70–C–65–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Aug. 14, 1970.

Dean M. Greiner, Bristol, Va., for petitioner.

Bradley Roberts, Stant, Roberts & McGowan, Bristol, Va., for Dick Rouse.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for M. M. Long.

C. H. Smith, Jr., Abingdon, Va., for Doris Ozella Brent.

## DISMISSAL

DALTON, Chief Judge.

On September 12, 1967, Billy Wayne King, petitioner, was tried by the Corporation Court of Bristol for attempted rape. He was convicted upon a plea of guilty and sentenced to three years imprisonment.

This action, entitled "Petition For Suit in Equity, and an Injunction of Civil Action * * * ", was filed under 42 U.S.C. § 1983. Petitioner alleges that perjured testimony was knowingly used by the Commonwealth Attorney to convict him and seeks money damages from both the alleged perjurer and the Commonwealth Attorney. Petitioner also alleges that a state judge's refusal to hold a timely habeas corpus hearing or to return him to State Farm resulted in his contacting tuberculosis. Finally, petitioner apparently seeks release from state custody.

Release from custody may not be sought under Section 1983 of the Civil Rights Act. Peinado v. Adult Authority of Department of Corrections, 405 F.2d 1185 (9th Cir. 1969); Smith v. Logan, 311 F.Supp. 898 (W.D.Va. 1970). Release from custody should be sought in the federal courts through the filing, pursuant to 28 U.S.C. § 2241, of a petition for a writ of habeas corpus.

Likewise, petitioner has not employed the proper method of challenging the alleged perjury. Habeas corpus proceedings have been established to permit full and comprehensive inquiry into a state prisoner's claims of constitutional error affecting his conviction. Congress did not intend by the enactment of Section 1983 to establish another means of presenting these claims. The allowance of these suits would permit by-passing available state remedies and the resulting duplicity would prove unduly burdensome on the courts. Because habeas corpus proceedings were established for the purpose of hearing these claims and can provide the best relief (release from custody), the petitioner must first prove his claim in habeas corpus proceedings. Smith v. Logan, *supra*.

This action cannot be treated as a petition for a writ of habeas corpus because there is no allegation or showing that petitioner has exhausted his available state remedies. Peinado v. Adult Authority of Department of Corrections, *supra*. Further, the proper parties are not before the court.

The allegations against the state judge do not present matters which require consideration under Section 1983. The Supreme Court in Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288, 294 (1967), held that state judges have immunity from suits brought under Section 1983 for acts committed "within their judicial jurisdiction." Similarly the Commonwealth Attorney is "Immune from civil suit for acts committed in the performance of duties constituting an integral part of the judicial process." Marlowe v. Coakley, 404 F.2d 70 (9th Cir. 1968).

For the foregoing reasons, the petition is dismissed. The clerk is directed to certify copies of this dismissal to the petitioner and to the respondents.