**Farley H. BALES, Petitioner,**

v.

**The STATE OF TEXAS et al.,
Respondents.**

**Civ. A. No. 70–G–219.**

United States District Court,
S. D. Texas,
Galveston Division.

Dec. 31, 1970.

128

Farley H. Bales, pro se.

Crawford Martin, Atty. Gen., for respondents.

## MEMORANDUM AND ORDER

NOEL, District Judge.

█ Petitioner, a prisoner in the custody of the State of Virginia, has submitted an instrument which he characterizes as a complaint under the Civil Rights Act, 42 U.S.C. § 1983. Leave to proceed in forma pauperis is granted, in this Court only. He complains of being subject to two Texas detainer warrants which will procure his return to Texas for trial upon "bad check" charges after completion of his Virginia confinement. How he is constitutionally prejudiced by this state of affairs is unclear. Construed broadly, however, the petition may be said to state two claims: (1) he complains that the failure of Texas to try him prior to the termination of the Virginia sentence constitutes a denial of his right to a speedy trial; (2) as he has purported to join Virginia authorities as co-defendants, he may be complaining that the effect of the detainer is to render more harsh the conditions of his Virginia confinement. As the cause

sounds in habeas corpus, it shall not be treated as a suit under the Civil Rights Act. Johnson v. Walker, 317 F.2d 418 (5th Cir. 1963).

█ If the complaint raised a speedy trial issue, there are available in the Texas courts more effective remedies than any available here. It is now clear that the detainer device may not be used to unduly delay a criminal trial. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). However, state as well as federal courts are cognizant of Hooey's mandate, and a party aggrieved by a detainer warrant must first proceed through the courts of the issuing State before looking to federal habeas corpus. Smith v. Londerholm, 304 F.Supp. 73, 76 (D.Kan.1969). As petitioner does not appear to have requested the Texas authorities to bring him to trial, or much less sought to compel a trial by suing out a writ in the nature of mandamus through the highest state court, he cannot now be heard to complain. Varallo v. State of Ohio, 312 F.Supp. 45 (E.D.Tex.1970).[1]

█ Insofar as petitioner complains that the conditions of his Virginia confinement are more stringent by reason of the existence of the Texas detainers, he must first exhaust his Virginia state remedies. Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970).[2]

Accordingly, it is Ordered that the Clerk shall file petitioner's forma pauperis petition and that subsequent to this filing, the petition shall be dismissed. The Clerk shall send copies of this Memorandum and Order to petitioner, the Attorney General of Texas, and to the Warden, Virginia State Prison Farm, State Farm, Virginia, 23160.

---

1. Although it is unnecessary to reach the point, there is serious question whether this Court would have jurisdiction over a habeas corpus action brought by a petitioner confined in Virginia. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948).

2. Nor, of course, does this Court have in personam jurisdiction over Virginia penal authorities.