Horace W. **BONNER**, Jr., et al.,
Plaintiffs,

v.

Murry A. **MARKS** et al., Defendants.

No. 73 C 846(3).

United States District Court,
E. D. Missouri, E. D.

Jan. 4, 1974.

Plaintiffs, pro se.

None entered their appearance, for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon the motion of the plaintiffs for appointment of counsel.

This action commenced with the filing of the complaint on December 18, 1973, after leave to file in forma pauperis had been granted that same day. Plaintiffs' frame their petition in the form a a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, alleging a number of individual and conspiratorial acts committed by their own attorneys, the circuit attorney and the circuit court judge. The plaintiffs' demand a jury trial and seek declaratory, injunctive and monetary relief.

Aside from the claims for declaratory injunctive and monetary relief, it appears that the demand for jury trial is tantamount to a challenge of the validity of the sentences with the ultimate object of obtaining release from the penitentia-

ry. Moreover, the attacks against their own attorneys smacks of a claim of ineffective assistance of counsel. In effect, the plaintiffs are attempting to seek post-conviction relief via the mode of a civil rights action, thereby, escaping the procedural requirement of exhaustion present in post-conviction remedies. This cannot be done. Hancock v. Avery, 301 F.Supp. 786 (M.D.Tenn.1969); Smartt v. Avery, 411 F.2d 408 (6th Cir. 1969); Johnson v. Walker, 317 F.2d 418 (5 Cir. 1963).

In light of the complaint, this Court must treat the complaint to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therefore, with the failure to exhaust, this Court must deny the motion for the appointment of counsel and dismiss this complaint without prejudice. Accordingly,

It is hereby ordered that the motion for the appointment of counsel be and is denied; and

It is further ordered that this action be and is dismissed without prejudice.