## HALTER v. NEBRASKA.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 174.   Submitted January 23, 1907.—Decided March 4, 1907.

A long established and steadily adhered to principle of constitutional construction precludes a judicial tribunal from holding a legislative enactment, Federal or state, unconstitutional and void unless it is manifestly so.

Except as restrained by its own fundamental law, or by the supreme law of the land, a State possesses all legislative power consistent with a republican form of government; and it may by legislation provide not only for the health, morals and safety of its people, but for the common good as involved in their well-being, peace, happiness and prosperity.

There are matters which, by congressional legislation, may be brought within the exclusive control of the National Government but over which in the absence of such legislation the State may exert some control in the interest of its own people; and although the National flag of the United States is the emblem of National sovereignty and a congressional enactment in regard to its use might supersede state legislation in regard thereto, until Congress does act, a State has power to prohibit the use of the National flag for advertising purposes within its jurisdiction.

The privileges of citizenship and the rights inhering in personal liberty are subject in their enjoyment to such reasonable restraints as may be required for the public good; and no one has a right of property to use the Nation's emblem for individual purposes.

A State may consistently make a classification among its people based on some reasonable ground which bears a just and proper relation to the classification and is not arbitrary.

The statute of Nebraska preventing and punishing the desecration of the flag of the United States and prohibiting the sale of articles upon which there is a representation of the flag for advertising purposes is not un-

constitutional either as depriving the owner of such articles of his property without due process of law, or as denying him the equal protection of the laws because of the exception from the operation of the statute of newspapers, periodicals or books upon which the flag may be represented if disconnected from any advertisement.

THE facts, which involve the constitutionality of the act of Nebraska to prevent and punish the desecration of the flag of the United States, are stated in the opinion.

*Mr. Sylvester R. Rush,* for plaintiffs in error:

The flag is the emblem of National sovereignty and the property of the people of the United States under the laws and Constitution of the United States. It is not a state emblem, and has never received the attention of the state legislature until the act in question was passed July 9, 1903. Nebraska has never by law adopted a flag of her own. The flag under consideration is, therefore, solely a creation of the Federal law, and neither this nor any other State has a right to prescribe the use that may be made of it by citizens of the United States.

It cannot be said that by reason of the silence of the Federal statute on the use of the flag state legislation is thereby permitted on that subject. *Prigg* v. *Pennsylvania,* 16 Pet. 539, 618; *Easton* v. *Iowa,* 188 U. S. 236.

Where the power of Congress to regulate is exclusive, the failure of Congress to make express regulations indicates its will that the subject shall be left free from any restrictions or impositions; and any regulation of the subject by the States, except in matters of local concern only, is repugnant to such freedom. *Robbins* v. *Shelby County Taxing Dist.,* 120 U. S. 493. See also *Western Union Tel. Co.* v. *James,* 162 U. S. 655; *United States* v. *E. C. Knight, Co.,* 156 U. S. 11; *Pittsburg &c. Coal Co.* v. *Bates,* 156 U. S. 588; *In re Rahrer,* 140 U. S. 555; *Leisy* v. *Hardin,* 135 U. S. 110; *Philadelphia &c. Steamship Co.* v. *Pennsylvania,* 122 U. S. 336; *Walling* v. *Michigan,* 116 U. S. 455; *Escanaba &c. Transp. Co.* v. *Chicago,*

107 U. S. 687; *Welton* v. *Missouri*, 91 U. S. 282; *Rhea* v. *Newport News, &c. R. Co.*, 50 Fed. Rep. 22; *Pacific Coast Steam Ship Co.* v. *Railroad Commissioners*, 18 Fed. Rep. 11; *The Barque Chusan*, 2 Story (U. S.), 455; *S. C.*, 5 Fed. Cas. No. 2,717; *Southern Express Co.* v. *Goldberg*, 101 Virginia, 621.

The act in question is in conflict with the Fourteenth Amendment to the Federal Constitution. *Ruhstrat* v. *People*, 185 Illinois, 133, 145; *People ex rel. McPike* v. *Van De Carr*, 91 N. Y. Sup. Ct. Rep. 20.

The police power of the State cannot be consistently invoked to sustain such a law. *Smiley* v. *McDonald*, 42 Nebraska, 5.

The flag law is void for the reason that it attempts to destroy existing property rights. *People ex rel. McPike* v. *Van De Carr*, 178 N. Y. 425.

The flag law is class legislation, and, therefore, null and void.

This law directly permits the publishers of newspapers and books, the stationer and the jeweler to use the flag in their business, to place it upon their goods and wares, thereby attracting attention to them, advertising them, and by such means increasing their trade and business; but if any other merchant or business man uses the flag in his business, or as a part of a trademark, under which his business is carried on, he thereupon becomes subject to the pains and penalties of this statute.

While there may be a classification of subjects for legislative purposes, such classification must be reasonable, not arbitrary; must arise out of consideration of sound reasons of public policy, not mere whims—advantages extended to one citizen and denied to another. *Lancashire Ins. Co.* v. *Bush*, 60 Nebraska, 123.

*Mr. Norris Brown*, Attorney General of the State of Nebraska, for defendant in error:

Under the police power of the State the legislature may enact laws to punish persons who desecrate the National

emblem or use it for advertising a private business. *Updegraph* v. *Commonwealth*, 11 Serg. & Rawl. (Pa.) 406; *Vidal* v. *Girard*, 2 How. 198.

No act of Congress or any provision of the state or of the Federal Constitution prohibits the legislature of Nebraska from enacting a law to prevent the desecration or misuse of the flag of the United States, and the State is left free to enact such a law. *Fox* v. *State*, 5 How. 410.

The flag law is not unconstitutional as destroying existing property rights. *Patterson* v. *Kentucky*, 97 U. S. 507; *Mugler* v. *Kansas*, 123 U. S. 623.

The flag law is not unconstitutional as class legislation. *Mugler* v. *Kansas*, 123 U. S. 660.

The Illinois and New York cases cited in support of the objection to the flag law of Nebraska are not precedents to be followed. *Vidal* v. *Girard*, 2 How. 198; *Ex parte Siebold*, 100 U. S. 389; *Fox* v. *State*, 5 How. 410; *Patterson* v. *Kentucky*, 97 U. S. 507; *Mugler* v. *Kansas*, 123 U. S. 623; *Davis* v. *State*, 51 Nebraska, 302; *Rosenbloom* v. *State*, 64 Nebraska, 344.

MR. JUSTICE HARLAN delivered the opinion of the court.

This case involves the validity, under the Constitution of the United States, of an act of the State of Nebraska, approved July 3d, 1903, entitled "An act to prevent and punish the desecration of the flag of the United States." [1]

---

[1] "§ 2375g. Any person who in any manner, for exhibition or display shall place, or cause to be placed, any word, figure, mark, picture, design, drawing, or any advertisement of any nature, upon any flag, standard, color, or ensign, of the United States of America, or shall expose or cause to be exposed to public view any such flag, standard, color, or ensign, upon which shall be printed, painted, or otherwise placed, or to which shall be attached, appended, affixed, or annexed, any word, figure, mark, picture, design or drawing or any advertisement of any nature, or who shall expose to public view, manufacture, sell, expose for sale, give away, or have in possession for sale, or to give away, or for use for any purpose, any article or substance, being an article of merchandise, or a receptacle of merchandise, upon which shall have been printed, painted, attached or otherwise placed.

The act, among other things, makes it a misdemeanor, punishable by fine or imprisonment, or both, for any one to sell, expose for sale, or have in possession for sale, any article of merchandise, upon which shall have been printed or placed, for purposes of *advertisement*, a representation of the flag of the United States. It expressly excepted, however, from its operation any newspaper, periodical, book, etc., on which should be printed, painted or placed a representation of the flag *"disconnected from any advertisement."* 1 Cobbey's Ann. Stat. Neb. 1903, c. 139.

The plaintiffs in error were proceeded against by criminal information upon the charge of having, in violation of the statute, unlawfully exposed to public view, sold, exposed for sale, and had in their possession for sale a bottle of beer, upon which, for purposes of advertisement, was printed and painted a representation of the flag of the United States.

a representation of any such flag, standard, color or ensign, to advertise, call attention to; decorate, mark, or distinguish, the article, or substance on which so placed, or who shall publicly mutilate, deface, defile, or defy, trample upon or cast contempt, either by words, or act, upon any such flag, standard, color or ensign, shall be deemed guilty of a misdemeanor, and shall be punished by a fine not exceeding one hundred dollars, or by imprisonment for not more than thirty days, or both in the discretion of the court.

"§ 2375*h*. The words flag, color, ensign, as used in this act shall include any flag, standard, ensign, or any picture or representation, or either thereof, made of any substance, or represented on any substance, and of any size, evidently purporting to be, either of said flag, standard, color or ensign, of the United States of America, or a picture, or a representation, of either thereof, upon which shall be shown the colors, the stars, and the stripes, in any number of either thereof, or by which the person seeing the same, without deliberation may believe the same to represent the flag, color, or ensign, of the United States of America.

"§ 2375*i*. This act shall not apply to any act permitted by the statutes of the United States of America, or by the United States Army and Navy regulations, nor shall it be construed to apply to newspaper, periodical, book, pamphlet, circular, certificate, diploma, warrant, or commission of appointment to office, ornamental picture, article of jewelry, or stationery for use in correspondence, or any of which shall be printed, painted or placed, said flag, disconnected from any advertisement." 1 Cobbey's Ann. Stat. Neb. 1903, c. 139.

The defendants pleaded not guilty, and at the trial insisted that the statute in question was null and void, as infringing their personal liberty guaranteed by the Fourteenth Amendment of the Constitution of the United States, and depriving them, as citizens of the United States, of the right of exercising a privilege, impliedly if not expressly guaranteed by the Federal Constitution; also, that the statute was invalid in that it permitted the use of the flag by publishers, newspapers, books, periodicals, etc., under certain circumstances—thus, it was alleged, discriminating in favor of one class and against others. These contentions were overruled and the defendants having been found guilty by a jury were severally adjudged to pay a fine of $50 and the costs of the prosecution. Upon writ of error the judgments were affirmed by the Supreme Court of Nebraska, and the case has been brought here upon the ground that the final order in that court deprived the defendants, respectively, of rights specially set up and claimed under the Constitution of the United States.

It may be well at the outset to say that Congress has established no regulation as to the use of the flag, except that in the act, approved February 20, 1905, authorizing the registration of trade marks in commerce with foreign nations and among the States, it was provided that no mark shall be refused as a trademark on account of its nature "unless such mark . . . consists of or comprises the flag or coat of arms or other insignia of the United States, or any similation thereof or of any State or municipality or of any foreign nation." 33 Stat. 724, § 5.

The importance of the questions of constitutional law thus raised will be recognized when it is remembered that more than half of the States of the Union have enacted statutes [1]

---

[1] Ariz., Rev. Stat. 1901, p. 1295; Colo., 3 Mills Anno. Stat., vol. 3, Rev. Supp., 1891–1905, p. 542; Conn., Gen. Stat., 1902, p. 387; Cal. Stat., 1899, p. 46; Del., 22 Sess. Laws, p. 982; Hawaii, Sess. Laws, 1905, p. 20; Idaho, Sess. Laws, 1905, p. 328; Ill., Sess. Laws, 1899, p. 234; Ind., Acts, 1901, p. 351; Kans., Gen. Stat., 1905, p. 499, § 2442; Me., R. S., 1903, p. 911;

substantially similar, in their general scope, to the Nebraska
statute. That fact is one of such significance as to require
us to pause before reaching the conclusion that a majority of
the States have, in their legislation, violated the Constitution
of the United States. Our attention is called to two cases in
which the constitutionality of such an enactment has been
denied—*Ruhstrat* v. *People*, 185 Illinois, 133; *People ex rel.
McPike* v. *Van De Carr*, 178 N. Y. 425. In the Illinois case
the statute was held to be unconstitutional as depriving a
citizen of the United States of the right of exercising a privilege,
impliedly, if not expressly, granted by the Federal Constitution,
as unduly discriminating and partial in its character, and
as infringing the personal liberty guaranteed by the state and
Federal constitutions. In the other case, decided by the
Court of Appeals of New York, the statute, in its application
to articles manufactured and in existence when it went into
operation, was held to be in violation of the Federal Constitution
as depriving the owner of property without due process
of law, and as taking private property for public use without
just compensation.

In our consideration of the questions presented we must
not overlook certain principles of constitutional construction,
long ago established and steadily adhered to, which preclude
a judicial tribunal from holding a legislative enactment, Federal
or state, unconstitutional and void, unless it be manifestly
so. Another vital principle is that, except as restrained by
its own fundamental law, or by the Supreme Law of the Land,
a State possesses all legislative power consistent with a republican
form of government; therefore each State, when not

Md., Laws, 1902, p. 720; Mass., 2 Rev. Laws, 1902, p. 1742; Mich., Pub.
Acts, 1901, p. 139; Minn.; Rev. Laws, 1905, § 5180; Mo., 2 Anno. Stat.,
1906, § 2352; Mont., Laws, 1905, p. 143; N. H., Pub. Stat., 1901, p. 810;
N. J., Laws, 1904, p. 34; New Mex., Laws, 1903, p. 121; N. Y., Laws, 1905,
vol. 1, p. 973; N. Dak., Laws, 1901, p. 103; Ohio, Laws, 1902, p. 305; Ore.,
Gen. Laws, 1901, p. 286; R. I., Sess. Acts, Jan. & Dec., 1902, p. 65; Utah,
Laws, 1903, p. 29; Vt., Laws, 1898, p. 93; Washington, Session Laws, 1901,
p. 321; Wis., Laws, 1901, p. 173; Wyo., Laws, 1905, p. 86.

thus restrained and so far as this court is concerned, may, by legislation, provide not only for ·the ·health, morals and· safety of its people, but for the common good, as involved in the well-being, peace, happiness and prosperity of the people.

Guided by these principles, it would seem difficult to hold that the statute of ·Nebraska, in forbidding the use of the flag of the United States for purposes of mere advertisement, infringes any right protected by the Constitution of the United States or that it relates to a subject exclusively committed to the National Government. From the earliest periods in the history of the human race, banners, standards and ensigns have been adopted as symbols of the power and history of the peoples who bore them. It is not then remarkable that the American people, acting through the legislative branch of the Government, early in their history, prescribed a flag as symbolical of the existence and sovereignty of the Nation. Indeed, it would have been extraordinary if the Government had started this country upon its marvelous career without giving it a flag to be recognized as the emblem of the American Republic. For that flag every true American has not simply an appreciation but a deep affection. No American, nor any foreign born person who enjoys the privileges of American citizenship, ever looks upon it without taking pride in the fact that he lives under this free Government. Hence, it has often occurred that insults to a flag have been the cause of war, and indignities put upon it, in the presence of those who revere it, have often been resented and sometimes punished on the spot.

It may be said that as the flag is an emblem of National sovereignty, it was for Congress alone, by appropriate legislation, to prohibit its use for illegitimate purposes. We cannot yield to this view. If Congress has not chosen to legislate on this subject, and if an enactment by it would supersede state laws of like character, it does not follow that in the absence of National legislation the State is without power to

act. There are matters which, by legislation, may be brought within the exclusive control of the General Government, but over which, in the absence of National legislation, the State may exert some control in the interest of its own people. For instance, it is well established that in the absence of legislation by Congress a State may, by different methods, improve and protect the navigation of a waterway of the United States wholly within the boundary of such State. So, a State may exert its power to strengthen the bonds of the Union and therefore, to that end, may encourage patriotism and love of country among its people. When, by its legislation, the State encourages a feeling of patriotism towards the Nation, it necessarily encourages a like feeling towards the State. One who loves the Union will love the State in which he resides, and love both of the common country and of the State will diminish in proportion as respect for the flag is weakened. Therefore a State will be wanting in care for the well-being of its people if it ignores the fact that they regard the flag as a symbol of their country's power and prestige, and will be impatient if any open disrespect is shown towards it. By the statute in question the State has in substance declared that no one subject to its jurisdiction shall use the flag for purposes of trade and traffic, a purpose wholly foreign to that for which it was provided by the Nation. Such an use tends to degrade and cheapen the flag in the estimation of the people, as well as to defeat the object of maintaining it as an emblem of National power and National honor. And we cannot hold that any privilege of American citizenship or that any right of personal liberty is violated by a state enactment forbidding the flag to be used as an advertisement on a bottle of beer. It is familiar law that even the privileges of citizenship and the rights inhering in personal liberty are subject, in their enjoyment, to such reasonable restraints as may be required for the general good. Nor can we hold that any one has a right of property which is violated by such an enactment as the one in question. If it be said that there is a right of property

in the tangible thing upon which a representation of the flag has been placed, the answer is that such representation—which, in itself, cannot belong, as property, to an individual—has been placed on such thing in violation of law and subject to the power of Government to prohibit its use for purposes of advertisement.

Looking then at the provision relating to the placing of representations of the flag upon articles of merchandise for purposes of advertising, we are of opinion that those who enacted the statute knew, what is known of all, that to every true American the flag is the symbol of the Nation's power, the emblem of freedom in its truest, best sense. It is not extravagant to say that to all lovers of the country it signifies government resting on the consent of the governed; liberty regulated by law; the protection of the weak against the strong; security against the exercise of arbitrary power; and absolute safety for free institutions against foreign aggression. As the statute in question evidently had its origin in a purpose to cultivate a feeling of patriotism among the people of Nebraska, we are unwilling to adjudge that in legislation for that purpose the State erred in duty or has infringed the constitutional right of anyone. On the contrary, it may reasonably be affirmed that a duty rests upon each State in every legal way to encourage its people to love the Union with which the State is indissolubly connected.

Another contention of the defendants is that the statute is unconstitutional in that, while applying to representations of the flag placed upon articles of merchandise for purposes of advertisement, it does not apply to a newspaper, periodical, book, pamphlet, etc., on any of which shall be printed, painted, or placed the representation of the flag disconnected from any advertisement. These exceptions, it is insisted, make an arbitrary classification of persons which, in legal effect, denies to one class the equal protection of the laws.

It is well settled that when prescribing a rule of conduct for persons or corporations a State may, consistently with

the Fourteenth Amendment, make a classification among its people based "upon some reasonable ground—some difference which bears a just and proper relation to the attempted classification—and is not a mere arbitrary selection." *Gulf, Colorado & Santa Fe Railway Co.* v. *Ellis,* 165 U. S. 150, 159, 160, 165. In *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79, there was a difference of opinion in the court as to what was necessary to be decided, but all agreed that a state enactment regulating the charges of a certain stock yards company, and which exempted other like companies from its operation, was a denial of the equal protection of the laws and forbidden by the Fourteenth Amendment. In *Connolly* v. *Union Sewer Company,* 184 U. S. 540, 552, 562, 563, 564, the question arose as to the validity, under the equality clause of the Constitution, as to the validity of a statute of the State of Illinois, forbidding, under penalty, the existence of combinations of capital, skill or acts for certain specified purposes, but exempting from its operation agricultural products or live stock while in the hands of the producer. By reason of this exemption the statute was adjudged to operate as a denial of the equal protection of the laws, and was, therefore, void. The court observed that such a statute was not a legitimate exertion of the power of classification, rested upon no reasonable basis, was purely arbitrary, and therefore denied the equal protection of the laws to those against whom it discriminated. It said: "We conclude this part of the discussion by saying that to declare that some of the class engaged in domestic trade or commerce shall be deemed criminals if they violate the regulations prescribed by the State for the purpose of protecting the public against illegal combinations formed to destroy competition and to control prices, and that others of the same class shall not be bound to regard those regulations, but may combine their capital, skill or acts to destroy competition and to control prices for their special benefit, is so manifestly a denial of the equal protection of the laws that further or extended argument to establish that position would seem to be unnecessary."

The present case is distinguishable from the *Connolly case.* The classification there involved was of persons alike engaged in domestic trade, which trade, the court said, was of right "open to all, subject to such regulations, applicable alike to all in like conditions, as the State may legally prescribe." Now, no one can be said to have the right, secured by the Constitution, to use the country's flag merely for purposes of advertising articles of merchandise. If everyone was entitled of right to use it for such purposes, then, perhaps, the State could not discriminate among those who so used it. It was for the State of Nebraska to say how far it would go by way of legislation for the protection of the flag against improper use— taking care, in such legislation, not to make undue discrimination against a part of its people. It chose not to forbid the use of the flag for the exceptional purposes specified in the statute, prescribing the fundamental condition that its use for any of those purposes should be "disconnected from any advertisement." All are alike forbidden to use the flag as an advertisement. It is easy to be seen how a representation of the flag may be wholly disconnected from an advertisement and be used upon a newspaper, periodical, book, etc., in such way as not to arouse a feeling of indignation nor offend the sentiments and feelings of those who reverence it. In any event, the classification made by the State cannot be regarded as unreasonable or arbitrary or as bringing the statute under condemnation as denying the equal protection of the laws.

It would be going very far to say that the statute in question had no reasonable connection with the common good and was not promotive of the peace, order and well-being of the people. Before this court can hold the statute void it must say that and, in addition, adjudge that it violates rights secured by the Constitution of the United States. We cannot so say and cannot so adjudge.

Without further discussion, we hold that the provision against the use of representations of the flag for advertising articles of merchandise is not repugnant to the Constitution

of the United States. It follows that the judgment of the state court must be affirmed.

*It is so ordered.*

MR. JUSTICE PECKHAM dissented.