THE STATE OF OHIO *v.* BUNCH.

(No. 58316—Decided December 3, 1970.)

Hamilton County Municipal Court.

*Mr. Ralph Cors*, prosecuting attorney, and *Mr. Jack Sherman*, for plaintiff.
*Mr. Allen Brown*, for defendant.

KRAFT, J. The defendant is charged with a violation of R. C. 2921.05, which sets forth the offense of desecrating the American Flag. There are several offenses described in the statute. The applicable section in this case deals with the allegation that the defendant defiled the flag by casting contempt upon it.

The defendant entered a "no contest" plea and the facts revealed that he had in his possession an American Flag while walking on Fifth Street in the city of Cincinnati, that he had the flag folded and tied up in the nature of a knapsack with personal items inside; that when he stopped on Fountain Square, he spread the flag out on the ground and had items of personalty spread on top of it. The defendant testified that he was carrying the flag in memory of his friends in Viet Nam, and he had not physically damaged the flag.

The defendant argued on motion, at the end of the prosecution's presentation of a statement of fact, again at the end of defendant's case as well as during final argu-

ment, that as a matter of law what the defendant did is not a violation of R. C. 2921.05.

The court will first address itself to the remarks of defendant's counsel in his memorandum wherein he says:

"A flag consists of a piece of cloth and a pattern and its *only* value is a *mode* of expression * * *. It may be used to symbolize content for the nation it represents (as in flag waiving) or discontent (as in flag burning), a symbolic act of expression of flag burning, just as flag waiving, is positively guaranted by the First Amendment."

With this statement the court disagrees. The Supreme Court of Nebraska in the case of *Halter* v. *State*, 74 Neb. 757, eloquently states:

"To the citizens * * * the national flag is an object of patriotic adoration, emblematic of all for which his Country stands—her institutions, her achievements, her long roster of heroic dead, the story of her past, the promise of her future."

This decision was affirmed by the Supreme Court of the United States on March 4, 1907, as reported in 205 U. S. 34, in an opinion delivered by Mr. Justice Harlan, and the court stated:

"and to a true American—it is the symbol of the Nation's power and the emblem of freedom in its truest, best sense."

The American Flag "Old Glory" is more, much more than defendant's attorney is willing to concede, and cannot be treated in the abstract sense of just a piece of cloth and a pattern. It is the spirit of the priceless privileges which have made our Nation great.

The specific issue for the court to decide in this case, setting aside the chasm into which the defendant would have this court leap, is whether what the defendant did constitutes casting contempt upon the American Flag.

The court finds no difficulty in resolving it. Title 36, Section 170 etc., U. S. Code is captioned Patriotic Customs. Section 176 is headed, No Disrespect Should Be Shown to the Flag.

(a) The flag should never touch anything beneath it, such as the ground, the floor, water or merchandise.

(d) The flag should never be drawn up in folds but always allowed to fall free.

(h) The flag should never be used as a receptacle for receiving, holding, carrying or delivering anything.

The defendant violated all these sections. His intent was clear; he was acting out his discontent by treating the national symbol of a government under laws and not of men in a disrespectful and contemptuous manner— he was doing his thing at the expense of all other citizens using the third oldest national standard of the world, predated only by the Union Jack of Britain and the Tri-Color of France. The American Flag, which the defendant had in his possession, was not his private property, it was the property of all the citizens of this Country and therefore his conduct in the handling of the flag is a proper subject of legislation and a proper subject for criminal prosecution, should the occasion require.

The defendant's several motions to dismiss are therefore overruled. The court finds, based upon the plea entered by the defendant, the statement and evidence presented to the court, that the defendant is guilty of casting contempt upon the American Flag in violation of R. C. 2921.05.