118 N.J. Super. 345 (1972)
287 A.2d 474
STATE OF NEW JERSEY, PLAINTIFF,
v.
STANLEY S. ZIMMELMAN, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided February 3, 1972.
*346 Mr. William C. Levine, Assistant Deputy Public Defender, for the motion.
Mr. Martin Margolit, Assistant Prosecutor, contra (Mr. A. Donald Bigley, prosecutor).
WOOD, J.C.C. (temporarily assigned).
Defendant was indicted for violation of N.J.S.A. 2A:107-1, which forbids the marking or improper use or display of the flag of the United States. The indictment charged that on July 4, 1970, in the Borough of Audubon, Camden County, defendant *347 "did deface the American Flag by putting the sign of peace in black ink on the face of two American Flags and displaying them on the side of an ice cream truck."
Defendant waived trial by jury. He was tried before this court on November 19, 1971 and found guilty as charged. He now moves pursuant to R. 3:10-3 to set aside the judgment on the ground that N.J.S.A. 2A:107-1, the statute under which the indictment is found, is unconstitutional in that it contravenes the First Amendment of the United States Constitution.
The facts are not in dispute. On July 4, 1970 defendant was employed as the operator of an ice cream truck of the type designed for the itinerant sale of ice cream and other confections in suburban streets during warm-weather months. He stenciled the design commonly known and referred to as the "peace symbol" on both sides of two small American flags and affixed these flags to the right and left rear-view mirrors of his truck. He then proceeded to operate the truck in the course of his business, with the flags so displayed, upon the streets of the Borough of Audubon.
Predictably, telephone calls of protest in considerable numbers were speedily received at the borough police headquarters. Defendant was promptly located and arrested and the flags confiscated. This indictment followed.
Defendant made no attempt to evade or resist arrest. He freely admitted and acknowledged his actions. He explained, both to the police and at the trial, that his intent was to emphasize his conviction that one of the ideals which the flag symbolizes is the pursuit of peace and to awaken people, particularly on Independence Day, to the need for a reaffirmation of that ideal. He denied any intent to "defile the flag" or to violate the law.
N.J.S.A. 2A:107-1 provides as follows:
Any person who, for exhibition or display, places, appends, annexes or affixes, or causes to be placed, appended, annexed or affixed, to or upon any flag, standard, color or ensign of the United States, or *348 state flag of this state, any inscription, design, device, symbol, name, advertisement, words, characters, marks, notice or token of any nature whatever, or who displays or exhibits or causes to be displayed or exhibited any such flag, standard, color or ensign upon which shall in any manner be placed, attached, annexed or affixed any such inscription, design, device, symbol, name, advertisement, words, characters, marks, notice or token, is guilty of a misdemeanor.
By N.J.S.A. 2A:107-3 the term "flag" is defined to include:
The words `flag, standard, color or ensign,' as used in this chapter, include any picture or representation, of whatever substance or size, evidently purporting to be a flag, standard, color or ensign of the United States, or state flag of this state, or a picture or representation of either, upon which shall be shown the colors, the stars and stripes, in any number of either, or by which the person seeing the same may without deliberation believe the same to represent the flag, standard, color or ensign of the United States or state flag of this state.
Defendant attacks the constitutionality of N.J.S.A. 2A:107-1, as amplified by the definition contained in N.J.S.A. 2A:107-3, on two principal grounds: (1) it abridges or curtails and thus violates the First Amendment guarantee of freedom of speech, and (2) it is "void for vagueness."
Defendant's first and principal contention is that the statute violates the First Amendment. Specifically, he argues that it is "overbroad" and "sweeps traditional First Amendment activity within its ambit."
The statute was enacted in 1904. L. 1904, c. 16. It has remained on the statute books without amendment since that time. There has been, so far as I can determine, no previous reported attack on its constitutionality.
The flag of the United States is a proper subject of legislative protection by the states. In Halter v. Nebraska, 205 U.S. 34, 27 S.Ct. 419, 51 L.Ed. 696 (1907), the Supreme Court, speaking through the first Mr. Justice Harlan, upheld the constitutionality of a Nebraska statute virtually identical with the one here in question. The court underscored the significance and symbolism of the flag in the following eloquent terms:
*349 * * * [W]e are of opinion that those who enacted the statute knew, what is known of all, that to every true American the flag is the symbol of the nation's power,  the emblem of freedom in its truest, best sense. It is not extravagant to say that to all lovers of the country it signifies government resting on the consent of the governed; liberty regulated by law; the protection of the weak against the strong; security against the exercise of arbitrary power; and absolute safety for free institutions against foreign aggression. As the statute in question evidently had its origin in a purpose to cultivate a feeling of patriotism among the people of Nebraska, we are unwilling to adjudge that in legislation for that purpose the state erred in duty or has infringed the constitutional right of anyone. On the contrary, it may reasonably be affirmed that a duty rests upon each state in every legal way to encourage its people to love the Union with which the state is indissolubly connected.
The court pointed out that, at the time of that decision, more than half the states of the Union had enacted similar legislation to protect the flag, and added:
That fact is one of such significance as to require us to pause before reaching the conclusion that a majority of the States have in their legislation, violated the Constitution of the United States.
Nevertheless, defendant argues, the placing of extraneous symbols on the flag is a form of "speech" and absolutely protected by the First Amendment regardless of any apparently contravening policy. This court cannot agree that the placing of symbols or words or other devices on the flag, assuming it to be some form of speech or of communication, is activity absolutely protected by the Constitution. That certain national or state interests may be protected even if such protection involves some slight curtailment of unbridled "freedom of speech" was stated by the Supreme Court in United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). The court, in upholding the conviction of defendant for publicly burning his draft registration card, held that the governmental interest in the functional utility of the registration card in the machinery of the draft is of such importance that it overrode any incidental and slight curtailment of freedom of speech occasioned by laws making its destruction a crime. The court said:
*350 We cannot accept the view that an apparently limitless variety of conduct can be labeled `speech' whenever the person engaging in the conduct intends thereby to express an idea. However, even on the assumption that the alleged communicative element in O'Brien's conduct is sufficient to bring into play the First Amendment, it does not necessarily follow that the destruction of a registration certificate is constitutionally protected activity. This Court has held that when `speech' and `nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms. To characterize the quality of the governmental interest which must appear, the Court has employed a variety of descriptive terms: compelling; substantial; subordinating; paramount; cogent; strong. Whatever imprecision inheres in these terms, we think it clear that a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.
In Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969), the Supreme Court reversed the conviction of a defendant under § 1425, subd. 16, par. (d) of the New York Penal Law which made it a misdemeanor "publicly [to] deface, defile, or defy, trample upon or cast contempt upon either by words or act" any flag of the United States. Defendant, outraged by the news of the wounding of a civil rights leader, publicly set fire to a flag owned by him, declaring as he did so that "we don't need no damn flag." The court held that the speech, even though hostile or derogatory to the flag, was constitutionally protected. However, it expressly did not hold that the burning or destruction of the flag by itself was so protected; rather, it held that in that case the words and acts were inseparable and since it could not be determined from the record whether defendant's speech or his acts were the basis of the conviction, the conviction must fall. The court emphasized that it was defendant's speech, not his acts which were protected. It declined to determine whether a conviction for the offensive acts alone, dissociated from the words, would pass constitutional *351 muster. Chief Justice Warren and three other Justices dissented. Mr. Justice Black in his dissenting opinion said:
It passes my belief that anything in the Federal Constitution bars a State from making the deliberate burning of the American Flag an offense. It is immaterial to me that words are spoken in connection with the burning. It is the burning of the flag that the State has set its face against.
The flag, as stated by Mr. Justice Fortas in his dissent in Street v. New York, supra, is a special kind of personalty. Traditionally and properly it has been accorded respect and protection as the symbol of our free republic and all that it stands for.
Statutes prescribe how the flag may be displayed; how it may lawfully be disposed of; when and for what purposes it may and may not be used. See e.g., 4 U.S.C.A. § 3; 36 U.S.C.A. § 172-177. A flag may be property in a sense but it is property burdened with peculiar obligations and restrictions. Certainly, as stated in Halter v. Nebraska, supra, these special conditions are not per se arbitrary or beyond governmental power under the Constitution. Cf. Mr. Justice Fortas dissenting in Street v. New York, supra.
This court concludes that the protection of the integrity of the flag is an eminently valid governmental interest which may justify incidental limitations on First Amendment freedoms. Surely that limitation is no more than slight or incidental in this case. The statute does no more than prohibit the defacing of the flag with extraneous markings of whatever nature. It is equally forbidden to place on the flag a representation of the seal of a patriotic organization such as the American Legion; or an offensive symbol such as the swastika; or a commercial advertisement; or a symbol of controversial significance such as the one here used by defendant.
To prohibit the use of the flag in this manner is not in any real sense to deny the constitutional guarantee of free speech any more than it is such a denial to limit *352 the number and size of billboard advertisements along interstate highways. Cf. 23 U.S.C.A. § 131. Defendant might well have flown different banners emblazoned with the symbol. He might have displayed it in any one of many other ways. The prevalance of the symbol in every kind of context is too well known to require comment. Its use is, of course, constitutionally protected. But to prohibit the use of the flag of the United States for its display cannot be said to be constitutionally improper.
Defendant argues, nevertheless, that N.J.S.A. 2A:107-1 is unconstitutional because it is overbroad, sweeping traditional First Amendment activity within its ambit. "Overbreadth" has, on occasion, been the constitutional petard with which the courts have hoisted some statutes as infringing on constitutionally protected activity. Thus, in Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965), the Supreme Court, dealing with a breach of the peace statute, struck it down because
The Louisiana statute as interpreted by the Louisiana Court is * * * likely to allow [prosecution and] conviction for innocent speech. * * * Therefore * * * the conviction under this statute must be reversed as the statute is unconstitutional in that it sweeps within its broad scope activities that are constitutionally protected free speech and assembly.
In Long Island Vietnam Moratorium Committee v. Cahn, 437 F. 2d 344 (1970), the Court of Appeals for the Second Circuit declared overbroad and thus unconstitutional a New York statute which, like the Nebraska statute in Halter, supra, was almost identical with the New Jersey statute. In that case plaintiff sought an injunction against threatened prosecution for the dissemination of certain lapel buttons containing the so-called "peace symbol" superimposed upon a juxtaposition of stars and stripes which might have been taken as representing a portion of the flag. A three-judge federal district court held the New York statute constitutional but ruled that it did not apply to the plaintiffs' *353 buttons, the wearing and dissemination of which could not be prosecuted thereunder. Long Island Vietnam Moratorium Committee v. Cahn, 322 F. Supp. 559 (E.D.N.Y. 1970). The Court of Appeals struck down the statute in its entirety, holding that it potentially could apply to plaintiffs and that they were entitled to injunctive relief. The overbreadth, the court found, lay in the broadly inclusive definition of the term "flag" contained in the statute. N.J.S.A. 2A:107-3 sets forth a similar broad definition.
Long Island is, on its facts, clearly distinguishable from the case at bar. What was at issue there was a threatened prosecution for dissemination of a lapel button with, at most, an impressionistic design capable of being taken to represent the flag. Here what is prosecuted is the affixing of an extraneous design on the flag itself. Moreover, while the opinions of the Courts of Appeals of the United States are entitled to respect, this court, dealing with a New Jersey statute, is not bound by a ruling of the Court of Appeals for the Second Circuit dealing with a New York statute.
Defendant refers to State v. Spence, 5 Wash. App. 752, court in the State of Washington declared unconstitutional a flag use statute of that state and reversed a conviction of defendant who taped a peace symbol to a flag and displayed it from a window. One judge dissented, being of the opinion that the statute came well within the test set forth in United States v. O'Brien, supra. I fully concur with the reasoning in that dissent.
I conclude that, at least so far as this defendant is concerned, N.J.S.A. 2A:107-1 is not unconstitutional by reason of overbreadth. Whether the definition set forth in N.J.S.A. 2A:107-3 might be held overbroad as applied to certain activities need not be decided. It is the flag itself which the statute seeks to protect from physical alteration. The flag is unique and is sui generis. Its identification does not depend on the various representations enumerated in *354 N.J.S.A. 2A:107-3. N.J.S.A. 2A:107-1 itself is not unconstitutional. Nor is the statute vague or uncertain. Nothing could be clearer than that physical alteration of the flag of the United States in any manner whatever is prohibited. The argument that the statute is void for vagueness is without merit.
For the reasons stated this court holds that N.J.S.A. 2A:107-1 is not unconstitutional either generally or as applied to this defendant.
The motion to set aside the judgment of conviction is denied.