Kenneth **OLDROYD** et al., Appellants,

v.

George F. **KUGLER**, Jr., Attorney General and Chief Prosecutor of the State of New Jersey, et al.

No. 71–1118.

United States Court of Appeals, Third Circuit.

Argued Jan. 24, 1972.

Decided June 2, 1972.

Norman L. Cantor, Newark, N. J., for appellants.

Fred H. Kumpf, Dept. of Law & Public Safety, Div. of Crim. Justice, Appellate Section, East Orange, N. J., for appellees.

Before BIGGS and VAN DUSEN, Circuit Judges, and GREEN, District Judge.

OPINION OF THE COURT

BIGGS, Circuit Judge.

The complaint filed July 27, 1970 sought the convening of a Three-Judge Court pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343(4), 2281 and 2284, and 42 U.S.C. § 1983 and the Constitution of

the United States. The plaintiffs also brought their action as a class suit pursuant to Rules 23(a) and 23(b) (2), Fed.R.Civ.Proc., 28 U.S.C. They seek to exercise the First Amendment right to express their opposition to government policies in a symbolic manner involving the flag of the United States. They say they are being harassed in the exercise of this symbolic representation by action of the State of New Jersey instituted pursuant to N.J.S. 2A:107–2, which states: "Any person who publicly mutilates, tramples upon or otherwise defaces or defiles any flag, standard, color or ensign of the United States or state flag of this state, whether the same be public or private property, is guilty of a misdemeanor." N.J.S. 2A:107–3 states: "The words 'flag, standard, color or ensign,' as used in this chapter, include any picture or representation, of whatever substance or size, evidently purporting to be a flag, standard, color or ensign of the United States, or state flag of this state, or a picture or representation of either, upon which shall be shown the colors, the stars and stripes, in any number of either, or by which the person seeing the same may without deliberation believe the same to represent the flag, standard, color or ensign of the United States or state flag of this state."

The opinion of the Three-Judge Court[1] states the facts as follows: "These plaintiffs aver that they have brought this suit individually and as a class action. They present no credentials of representation of the mentioned class. They make no showing of the existence of such a class. They go on from there to outlining what they name as their reasons why they should have this three judge court pass upon their right to use the First Amendment to sanction what they call their gestures. The latter as alleged in the complaint consist of plaintiff Joseph 'flying his flag in front of his house in an inverted position with a red cloth symbolic of

blood, flying below.' According to 'The Columbia Encyclopedia' article on flags p. 663 'the red symbolizes mutiny or revolution.' As to the next plaintiff, Medvin, it is said that he displays a small replica of the United States flag upside down in a window of his automobile. There has been no state action whatsoever against him. Plaintiff Oppenheimer alleges that he has 'previously displayed in the window of his automobile, a decal representing a United States flag with a peace symbol superimposed on the stars and stripes.' What he calls 'a peace symbol' was admitted to be a broken cross turned upside down. There is no allegation that he ever made such a display in New Jersey.

"Plaintiff Slovinsky who claims to be a resident of Illinois says that she, with others not named, painted what she designates as a United States flag on their dormitory window at Douglass College, New Jersey. The complaint reads 'The flag they painted had thirteen stripes and fifty stars, two of which were red.' Those two stars in accepted flag language, above quoted, signify mutiny or rebellion.

"Plaintiff Cuffie is referred to in the complaint as having 'carried an upside down flag pinned to the back of his shirt.'

"Finally, it is asserted that 'as a demonstration of dissatisfaction with various governmental policies and domestic conditions,' (plaintiff) 'Kenneth Oldroyd wore pants with several white stars sewn on them and a red and white striped sash.' The stars and sash admittedly were parts of an American flag."

Plaintiff Joseph has now been indicted pursuant to N.J.S. 2A:107–2 by a Bergen County grand jury for displaying the flag as indicated. Plaintiff Medvin alleges that he fears to carry on his "symbolic protest" because he is afraid to risk prosecution under the New Jersey statute. Plaintiff Oppenheimer also fears arrest for "expressing his personal

1. Oldroyd v. Kugler, 327 F.Supp. 176, 177–178 (D.N.J.1970).

beliefs." Plaintiff Slovinsky also fears prosecution. Plaintiff Cuffie is presently under prosecution for violating the statute; he was indicted on February 18, 1972.[2] Plaintiff Oldroyd has been arrested and charged with violation of the statute. The complaint is accompanied by affidavits verifying the critical allegations of the complaint. No answering affidavits have been filed.

The defendants are the Attorney General of New Jersey, County Prosecutors, and a Peace Officer.

A Three-Judge Court was appointed.

The defendants filed an answer[3] and a motion for dismissal pursuant to Rule 12, Fed.R.Civ.Proc., 28 U.S.C. and for dissolution of the Three-Judge Court, asserting *inter alia,* lack of jurisdiction, failure to show irreparable injury, an adequate remedy at law, and no cause of action. The Three-Judge Court granted the motion and dismissed the action for lack of jurisdiction, stating, among other things: "We have before us a motion on behalf of the defendants to dismiss

2. The indictments were handed down on January 27, 1971 (Joseph), and February 18, 1972 (Cuffie), and were not before the Three-Judge Court at the time of its judgment in 1970. The record before the District Court does not show that any indictment or information had been filed against any of the plaintiffs. The case at bar, therefore, differs from Hopson v. Asch, County Prosecutor, 457 F.2d 79 (3 Cir. 1972) [Per Curiam], in that the indictment of Hopson and her conviction on one count of an indictment occurred prior to the instituting of her suit in the United States District Court for the District of New Jersey seeking to enjoin further criminal proceedings against her. The case at bar also differs from Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926), for in that case in the Three-Judge Court it appears, 3 F.2d 674, 676 (N.D.Ga.1926), that an indictment was handed down against Fenner and others while the proceedings seeking restraint of the state authorities were pending in the United States District Court. Cf. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

The District Court on remand will probably be presented with an amplified record requiring consideration of the doctrine of abstention in the light of decisions such as Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688. See 28 U.S.C. § 2283. Concerning the disposition of the issue of abstention we, of course, express no opinion.

3. The answer of the defendants is in derogation of the Federal Rules of Civil Procedure, 28 U.S.C., which require cogent answers pertinently directed toward the allegations raised in a complaint. We call attention in particular to answering paragraphs "I," "11 through 15 [*sic*]." For

example, the Attorney General of New Jersey "neither admit[s] nor den[ies]" that he is the principal law enforcement officer of New Jersey, and neither admits nor denies that Robert H. Doherty, Jr., Esq., is County Prosecutor of Ocean County, or that Joseph Convery, Esq., is a law enforcement officer of Seaside Heights, and was the arresting officer of Oldroyd and one Rasper. The Attorney General and the other defendants leave the plaintiffs to their proof of these allegations. If such knowledge (including the knowledge that he is the Attorney General of New Jersey) is not within the Attorney General's knowledge, he could acquire such knowledge with a modicum of effort. The other defendants surely have knowledge of their official positions and functions, or if they have not they can acquire it from informed sources. We call attention to the provisions of Rule 1, Fed.R.Civ.Proc., 28 U.S.C., which provides, *inter alia,* that "they [the Rules] shall be construed to secure the just, speedy, and inexpensive determination of every action." As was said in 26 A.B.A. Jour., 45, by Judge Alexander Holtzoff, then Special Assistant to the Attorney General: "The purpose of the new procedure has been to throw into discard the technicalities that acted as a brake on the progress of a lawsuit; to abolish what has been so aptly termed as 'the sporting theory of justice'; to provide efficient machinery for the ascertainment of truth; and to expedite a determination of each controversy on the merits."

We deem that the defendants' answer treats the Federal Rules of Civil Procedure, 28 U.S.C., with contempt and is frivolous. A motion by the plaintiffs to dismiss the answer upon remand would be in order. Such an action would not forefend the *defendants from filing* a responsive answer should they desire to do so.

the action for lack of jurisdiction because plaintiffs have failed to show irreparable injury; because they have an adequate remedy under State law; because they have failed to exhaust their available State remedies; because this court does not have jurisdiction to enjoin State court criminal proceedings where there is as here an adequate remedy at law; because the complaint fails to state a claim on which relief can be granted as no violation by defendants of any legal right of plaintiffs has been shown; because comity calls for this court to abstain from exercising jurisdiction in this matter; because plaintiffs have not raised a substantial federal question and because plaintiffs are not truly representative of a class within the meaning of Rule 23, F.R.Civ.P."

On December 17, 1970 the Three-Judge Court found the statute "on its face . . . [to be] precise, clear and constitutional." It went on to say, "Its language is basic.", stating that it found nothing in the complaint "to warrant the attempted use of the 'chilling effect' language of Dombroski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) [*sic*, Dombrowski]," for in the cited case the Supreme Court found that the Louisiana Subversive Activities and Communist Control Law and the Communist Propaganda Control Law were overly broad, and that "there is no such situation before us with respect to the New Jersey statute." The opinion concluded: "For each and all of the reasons advanced herein *it is ordered that this suit be dismissed and this three judge court be dissolved.*" [4]

On January 11, 1971, counsel for the plaintiffs wrote the Judges of the Three-Judge Court and asked for clarification of their opinion and order. The final sentence of counsel's letter contains

the gist of the inquiry, stating: "I would . . . appreciate clarification of whether or not the order constitutes a determination that 'there is no substantial federal question.'" To this the Judges replied: "With reference to your letter of January 11, 1971, be advised that the Court in its Memorandum Order of December 17, 1970, found, *inter alia*, as defendants charged, '*that plaintiffs have not raised a substantial federal question.*' The Court also found that the State statute 'on its face is precise, clear and constitutional.'" (Emphasis added).

On December 31, 1970 the plaintiffs appealed to this court from the order "dismissing the suit and dissolving the three judge court. . . ." [5]

## I.

At this point our difficulties arise in interpreting the law providing for appeals from adjudications of Three-Judge Courts. We repeat 28 U.S.C. § 2281 here despite its familiarity to most Judges: "§ 2281. *Injunction against enforcement of State statute; three-judge court required:* An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title." It will be observed that under Section 2281 it is the granting of injunctive relief which requires the action of the Three-Judge Court but

4. 327 F.Supp. at 178–179.

5. The case came on for hearing in the district court on the defendants' motion on November 12, 1970. There was no other order than that contained in the last paragraph of the "Memorandum Order" of the Three-Judge Court filed on December 17, 1970. The notice of appeal as quoted seems to have mistaken the date of the Memorandum Order of the Three-Judge Court but no issue can be raised as to timeliness. See Rule 4(a), Fed.R.App.Proc.

nonetheless the failure to grant injunctive relief is appealable to the Supreme Court for 28 U.S.C. § 1253 provides: *"Direct appeals from decisions of three-judge courts:* Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges."

We find the opinion of the Three-Judge Court and the explanatory letter written to the plaintiffs and signed by the three Judges to be incongruent and the judgment embraced in the order quoted above throws little light upon the subject matter. We construe the inconsistent language as being both a judgment on the merits and also a judgment that the plaintiffs' cause was one not meant for a Three-Judge tribunal for the court concluded that no substantial federal question was raised and therefore the Three-Judge Court dissolved itself.[6]

Since part of the judgment is a final judgment on the merits it is appealable to the Supreme Court pursuant to 28 U.S.C. § 1253, if the Three-Judge Court was correctly convened, as we believe it was for reasons which will be set out in "II." hereinafter. See as typical, Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 426 F.2d 142, 144–145 (5 Cir. 1970); Bogue v. Faircloth, Attorney General, 441 F.2d 623 (5 Cir. 1971); Brucker v. Fisher, 49 F.2d 759 (6 Cir. 1931); and Wright, n. 46, *supra*, at 193. We cannot deem the fact that no order or judgment was entered by the Three-Judge Court explicitly denying injunc-

tive relief as being controlling. Injunctive relief was prayed for in the complaint and the dismissal of the suit on the merits is sufficient to effect a judgment appealable to the Supreme Court under 28 U.S.C. § 1253.[7] See Rule 12(b), Fed.R.Civ.Proc., 28 U.S.C. The plaintiffs, therefore, chose a wrong forum, viz., this court for their appeal. See Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972).

## II.

This court, however, does have jurisdiction pursuant to 28 U.S.C. § 1291 to review and to reverse the judgment of the Three-Judge Court that "there is no substantial federal question" and that the plaintiffs are not entitled to declaratory relief. See *Mengelkoch, supra;* 9 Moore's Federal Practice (2d ed.) ¶ 110.03[3], at 76–7; cf. Perez v. Ledesma, 401 U.S. 82, 86–88, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). The ruling of the Three-Judge Court that the complaint and affidavits do not raise a substantial constitutional issue is erroneous. This appears from the face of the pleadings. *Carter, supra.* The gravamen of the plaintiffs' charge is based on the Fourteenth Amendment via the First Amendment right of protected expression. Such a right is in a peculiarly sensitive area. Dombrowski v. Pfister, *supra,* 380 U.S. at 485–489, 85 S.Ct. 1116 (1965). Cf. Younger v. Harris, 401 U.S. 37, 47–49, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971). We cannot agree with the judgment of the trial Court nor with the decision of the Superior Court of New Jersey in State v. Zimmelman, 118 N.J.Super. 345, 287 A.2d 474

---

6. There are decisions that if a Three-Judge Court dissolves itself for want of a substantial federal question, the Three-Judge Court should dissolve itself by a dissolution order signed by the three Judges. Thereafter the single Judge to whom the application was originally made pursuant to 28 U.S.C. § 2284(5) should sign the dismissal order. This may have been sound law prior to the 1942 amendment,

Act of April 6, 1942, c. 210, 56 Stat. 199. See Wright, Law of Federal Courts, 2d ed., Ch. 8, at 192. But see Mengelkoch v. Industrial Welfare Comm'n, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215 (1968).

7. Since no appeal was taken to the Supreme Court no issue of possible pendent jurisdiction for failure to grant declaratory relief need presently be discussed.

(Law Div.1972).[8] The plaintiffs allege in part that their First and Fourteenth Amendment freedom of political expression through symbolic speech has been and will continue to be unconstitutionally curtailed by State action pursuant to a vague and overbroad State flag desecration statute. N.J.S. 2A:107–2.[9] Their claim of the existence of a substantial federal question does not arise without support. Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971) (extent of speech protection); Cowgill v. California, 396 U.S. 371, 90 S.Ct. 613, 24 L.Ed.2d 590 (1970) (concurring opinion) (symbolic speech); Tinker v. Des Moines School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) (symbolic speech); West Virginia State Board of Education v. Barnette, 319 U. S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943) (symbolic speech and the flag); Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344 (2 Cir. 1970) and Crosson v. Silver, 319 F.Supp. 1084 (D.Ariz.1970) (substantial federal question respecting flag desecration statute); Hodsdon v. Buckson, 310 F. Supp. 528 (D.Del.1970), rev'd not on grounds of want of substantial federal question, sub nom. Hodsdon v. Stabler, 444 F.2d 533 (3 Cir. 1971).[10]

We decide no other issue than that just stated. All other issues are left to the disposition of the Three-Judge Court upon remand.[11] The judgment of the Three-Judge Court will be reversed and the cause remanded for appropriate action in the light of this opinion.

8. It will be observed that the indictment in the case before the Superior Court of New Jersey in State v. Zimmelman, *supra*, was based on N.J.S. 2A:107–1, whereas the statute in the case at bar rests on N.J.S. 2A:107–2. The first-mentioned statute proscribes the "Use of state or national flag for advertising." The statute under which New Jersey has indicted John L. Joseph in the instant case is N.J.S. 2A:-107–2, proscribing "Mutilation or defilement of flag." The statute is hereinbefore quoted in this opinion.

We point out that in Halter v. Nebraska, 205 U.S. 34, 27 S.Ct. 419, 51 L. Ed. 696 (1907), relied on by the New Jersey prosecutor, the first Mr. Justice Harlan held a Nebraska statute, 1 Cobby's Ann.Stat.Neb.1903, c. 139, to be constitutional. The statute, however, excepted from its scope "a representation of the flag *disconnected from any advertisement*'." Mr. Justice Harlan stated: "By the statute in question the state has in substance declared that no one subject to its jurisdiction shall use the flag for purposes of trade and traffic,—a purpose wholly foreign to that for which it was provided by the nation." *Id.* at 38 and 42, 27 S.Ct. at 422. In *Halter* the flag of the United States was used to advertise bottles of beer.

9. We note that the Supreme Court of New Jersey upheld the constitutionality of the statute before us, giving to the statutory language "to deface" and "to defile" the meaning "to dishonor" purposefully. State v. Schlueter, 127 N.J.L. 496, 23 A.2d 249 (Sup.Ct.1941). See again *Zimmelman*, note 8, *supra*. As is apparent, we do not adopt the reasoning of these decisions.

10. See also the opinion of Quillen, J., in State v. Hodsdon, Del., 289 A.2d 635 (1972).

11. We do not pass upon the issue of whether or not the plaintiffs are or should be entitled to a declaratory judgment on this appeal since the primary objective of the plaintiffs is restraint of New Jersey authorities and this should be decided in the first instance by the Three-Judge Court. The Memorandum Order of the Three-Judge Court is sparse as to the facts required to review the merits of the plaintiffs' complaint and substantial constitutional questions should not be decided without the aid of an adequate record. See Rescue Army v. Municipal Court, 331 U.S. 549, 575, 67 S.Ct. 1409, 91 L.Ed. 1666 (1947), and Cowgill v. California, 396 U.S. 371, 372, 90 S.Ct. 613, 24 L.Ed.2d 590 (1970).