**SOUTHWAY DISCOUNT CENTER, INC., a corporation, Plaintiff-Appellant,**

v.

**CITY OF BIRMINGHAM, a Municipal Corporation, et al., Defendants-Appellees.**

No. 76–1955.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1978.

Rehearing Denied March 21, 1978.

Virgil K. Sandefer, Birmingham, Ala., for plaintiff-appellant.

Wm. C. Walker, Birmingham, Ala., for defendants-appellees.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

Plaintiffs appeal from an adverse decision by a three-judge panel [1] on their claims seeking injunctive relief from future discriminatory enforcement of the Sunday Blue Laws of Birmingham, Alabama and their contention these ordinances are unconstitutional.

Neither plaintiffs nor defendants question the three-judge panel's holding it was properly convened to hear this cause. We find no basis to question that decision. Appeals from rulings by three-judge courts are governed by 28 U.S.C. § 1253 which provides:

> Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges.

Therefore, because it is not provided otherwise, we find this court to be wrong forum for appeal and dismiss this appeal for lack of jurisdiction.[2] *See Carter v. Stanton*, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569

---

1. Empaneled pursuant to 28 U.S.C. § 2281 (Repealed August 12, 1976). Plaintiffs claim was filed June 19, 1975.

2. Southway cites *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) to support his position that this court has jurisdiction. The appellant in *Steffel* did not appeal

the denial of injunctive relief by the single judge therefore the Circuit Court of Appeals had jurisdiction. However, in n. 7 in *Steffel* the Supreme Court states the original suit for injunctive relief should have been before a three-judge panel and concludes the Court of Appeals would not have had jurisdiction.

(1972); *Oldroyd v. Kugler*, 461 F.2d 535 (5th Cir. 1972).

DISMISSED.