Liang Ren-Guey, Respondent-Appellant, v Lake Placid 1980 Olympic Games, Inc. Appellant-Respondent.

Third Department, February 11, 1980

## APPEARANCES OF COUNSEL

*William Kissel (Rogers & Wells [William S. Greenwalt* of counsel]), for appellant-respondent.

*Tenzer, Greenblatt, Fallon & Kaplan (Bernard H. Goldstein* of counsel), for respondent-appellant.

*George H. Lowe, United States Attorney (Mark C. Rutzick* of counsel), for the Attorney General of the United States.

## OPINION OF THE COURT

*Per Curiam.*

The International Olympic Committee (IOC) governs the Olympic Games and owns the rights to them. The Olympic Charter provides that every person or organization that participates in the games shall accept the supreme authority of the IOC. The charter gives the IOC complete control over the development and conduct of the games and makes the IOC the final authority on all questions concerning the games. The various National Olympic Committees (NOC) are the IOC representatives in their respective countries. The NOC from a given country is not free to define itself. The charter provides that the name of an NOC must reflect the territorial extent and tradition of its country subject to IOC approval. Competing athletes, such as plaintiff, must be affiliated with the NOC of their nation.

The problem of having two Chinas competing in the Olympics has confronted the IOC since 1960, when the IOC required athletes from the Republic of China (Taiwan) to compete under the name "Formosa".* At an IOC session in April of 1979, the IOC resolved to allow both Chinas to compete in the 1980 games. However, the resolution left to the executive board of the IOC determinations regarding names, flags, anthems and constitutions. After receiving notification that the United States had withdrawn diplomatic recognition of Taiwan, the executive board, at a meeting held October 23 to 25, 1979, adopted a resolution allowing the NOC from the People's Republic of China to use the nation's official flag, anthem and emblem, while changing the name of the Taiwanese NOC and requiring submission of alternatives for the flag, anthem and emblem to be used by the Taiwanese at the games.

---

* The Taiwanese did so under protest. In 1976, the Taiwanese were not permitted to use their official name, flag and anthem at the Montreal Summer Olympics.

The defendant is a not-for-profit corporation established under New York law to comply with the requirement of the Olympic Charter that the NOC of the host country establish an appropriate entity to serve as a surrogate of the IOC to operate the games. Plaintiff is an athlete selected by the Taiwanese NOC to participate in the winter Olympic Games at Lake Placid. In this action he seeks a permanent injunction staying the games unless defendant allows plaintiff to use the flag, emblem, name and anthem of the Republic of China.

Initially, we grant the motion of the United States Attorney General to file a statement of interest of the United States with respect to this matter (US Code, tit 28, § 517).

Both the plaintiff and Special Term focus on the narrow issue of plaintiff's rights as an individual. In our view, however, the issue is much broader since plaintiff seeks not only to express his own individual political beliefs, but also to carry a flag and wear an emblem symbolic of the country which he represents as a participant in the games.

The President has the sole power to recognize foreign governments *(United States v Pink,* 315 US 203, 223; *United States v Belmont,* 301 US 324, 330). Whether a foreign government should be recognized is a political question that neither the United States Supreme Court nor any other American court may review *(Oetjen v Central Leather Co.,* 246 US 297, 302, 304; *National Union Fire Ins. Co. v Republic of China,* 254 F2d 177, 186, cert den 358 US 823).

The flag is the emblem of national sovereignty *(Halter v Nebraska,* 205 US 34; see, also, Convention on the High Seas of April 29, 1958, 2 UST 2312, art 5; 52 Amer J of Int L 842, 843), and since it is inextricably intertwined with the national identity, use of a flag, in an event such as the Olympic Games, creates an issue of sovereign representation. In effect, plaintiff asks this court to compel the defendant, as surrogate of the IOC, to recognize a symbol of national sovereignty. However, by its resolution, the IOC gave only conditional recognition to Taiwan and expressly rejected Taiwan's traditional anthem and flag. Since the Department of State, acting on behalf of the President, has elected to defer to the IOC in matters concerning national representation at the Olympics, the issue involved in this appeal is a political question, bound up as it is with difficult questions of foreign policy, and is, therefore, beyond the powers of this court to review.

The motion of the United States Attorney General should be granted, without costs.

The order should be reversed, on the law, without costs, the motion should be denied and the complaint dismissed.

MAHONEY, P. J., SWEENEY, KANE, STALEY, JR., and CASEY, JJ., concur.

Motion of the United States Attorney General granted, without costs.

Order reversed, on the law, without costs, motion denied and complaint dismissed.